■ In the Matter of the Claim of MARY R. KLIMAS, Respondent, v. TRANS CARIBBEAN AIRWAYS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board making an award of death benefits. The deceased employee was in charge of the maintenance of the employer's airplanes. In November, 1955 he discovered that one of the airplanes had developed corrosion on a wing and it was necessary to take the plane out of service and send it to Texas to be repaired. The employer was paying for corrosion prevention and the decedent was in charge of such matters. The employer's president was disturbed by the incident and made his feelings known to the claimant and others. At a Christmas party in December, 1955 in the presence

of the decedent and others he made remarks to the effect that he did not like amateurs working for him (apparently referring to the decedent) and further that if the airplane was not repaired by February 26, 1956 some employees would be looking for new jobs. The record indicates that as a result of the airplane incident the decedent became very upset and worried. It appears that he made several trips to Texas to check on the progress of the work in addition to which he did other things such as expediting parts necessary for the repair of the airplane. The decedent was scheduled to make a final trip to Texas to get the plane and to approve the bills on Monday, March 5, 1956 but at direction of the employer's vice-president he left early on Saturday, to avoid a scene with the employer's president who was returning from Europe on Monday. The decedent " was concerned " when he left for Texas and he was more upset when he got there and found that the plane was not ready. The extent of the decedent's mental distress was shown through the testimony of his wife and the pilot who was in Texas with him and a letter which he wrote to his wife. On Wednesday, March 7 the decedent received the bill for the repair of the plane in the amount' of $266,000 and the pilot testified that when he saw him afterwards he was " white " and very disturbed. The decedent then began to check the bill in detail seeking to have it reduced, working until 1:30 A.M. on Thursday, all day Friday and going out to dinner with a representative of the repairing company on Friday night. On Saturday he went to the airport early to again work on the bill but was unable to do anything and he returned to his motel. He telephoned the employer's vice-president concerning the bill and felt somewhat relieved after doing that and reporting that he was making some progress. That afternoon while sitting by a swimming pool he experienced a pain in his chest and later expired from what was diagnosed as a myocardial infarction. The claimant presented two medical witnesses, Dr. Curley the family doctor and Dr. Wally a specialist in internal medicine, who definitely stated that the emotional stress which the decedent was subjected to from November until the time of his death and particularly the last week in Texas was a precipitating factor in his death. The appellants' expert stated that the emotional stresses and strains played no part in the decedent's death. The Referee found accident and causal relationship and made an award. On review the board referred the case to an impartial specialist, Dr. Schlamowitz, who was of the opinion that the " anxieties, fears and insecurity, frustrations and guilt feelings " brought on by the plane incident were causally related to the decedent's death and the board so found. The appellants contend that an accident within the meaning of the Workmen's Compensation Law has not been established and that such cannot be made out when as here there is a lack of a showing of any physical strain or exertion. There is substantial medical testimony in this record connecting the decedent's heart attack to the emotional stress of his work and this is not challenged by the appellants. *Matter of Lesnik* v. *National Carloading Corp.* (285 App. Div. 649, affd. 309 N. Y. 958) appears very close to the present case. There the claimant was an executive who for five months had been under great tension in attempting to build up the company revenues which had fallen off and of which he was in charge. The heart attack occurred while the claimant was entertaining customers at the race track. The board made an award finding " physical and emotional strain " but this court reversed, stating there was " no incident of physical or emotional impact occurring at the race track ", that it was " not accidental because no eventful happening can be demonstrated to have caused it " and that: " To affirm this award we must be ready to hold that if a man increases the tension of the administrative work and later suffers a heart attack while at rest, this is a compensable accident. We are not ready to go that far in the case before us " (p. 652). The *Lesnik* case was cited in *Matter of O'Rourke* v. *State Ins. Fund*

(2 A D 2d 616) where a heart attack was ruled noncompensable when brought on by an executive's increased work load which was wholly of an executive and administrative nature. The heart attack occurred during a vacation. The one possible distinction between those cases and the present one is that in them the attacks occurred at rest while here, it could be argued that even though the decedent was sitting by a swimming pool he was still in the midst of the very problem, the strain and tension of which the board could find caused his attack. The doctors were questioned here as to whether any particular incident precipitated the attack and while one mentioned the receiving of the bill on Wednesday and another the disappointment of being unable to accomplish anything, together with the telephone call to the superior on Saturday their opinions as to causal relationship were really based on the continuance of the emotional stress and anxieties from November to the date of death. While the court spoke of a particular event being a necessary requirement in *Lesnik* (*supra*), it may be that such an "event" is no longer necessary for in *Matter of Schechter* v. *State Ins. Fund* (6 N Y 2d 506) the heart attack was brought on by increased trial work over a period of seven weeks. While the *Schechter* case is somewhat akin to the present case, which would seem to meet its requirement that the conditions of performing the work impose a strain which damages the heart, nevertheless there is a distinction in that in *Schechter* some actual physical strain was involved and the board based its award on "emotional and physical strain". None of the doctors who testified herein based their opinions on physical strain nor did the board so find. Therefore we have a heart attack found compensable solely on the basis of mental disturbances and emotional strain resulting from the employment. Decision and award reversed and claim dismissed, with costs to the appellants against the Workmen's Compensation Board.