21319. OCEAN ACCIDENT & GUARANTEE CORPORATION LIMITED *et al. v.* HARDEN.

DECIDED OCTOBER 17, 1931.

*Ralph G. Sims,* for plaintiffs in error.

*Bond Almand, Branch & Howard,* contra.

BELL, J. The exception is to a judgment of the superior court denying an appeal from an award of compensation by the industrial commission. The employee suffered an injury to the heel bone, necessitating an operation upon this bone and the bone connecting it with the ankle. The industrial commission awarded compensation for a partial loss of use of a leg. It is contended by the employer and the insurance carrier, the plaintiffs in error, that the foot, and not the leg, was the member affected, and that the award should have been made upon the basis of a partial loss of use of the foot, the amount of the liability being materially less in that case. The loss of use was found to be 33-1/3 per cent., and there is no attack upon the correctness of such finding as to percentage, the sole contention being that the injury and the resulting loss of use was confined to the foot and that the industrial commission erred in not awarding compensation accordingly.

There was some evidence to the effect that the muscles of the leg had become smaller and less efficient because of nonuse and lack of exercise, and counsel for the plaintiffs in error appears to regard this as being the only evidence in reference to loss of use of the leg. If the loss of use of the claimant's leg was due to nonuse or a lack of exercise, resulting from a partial loss of use of the foot, and was not otherwise traceable to the injury, it is perhaps true that the compensation should have been made upon the basis of a partial loss of use of the foot, instead of the leg, the foot being that part of the anatomy below the ankle joint. See, in this connection, McLean *v.* American Railway Express Co., 119 Me. 322 (111 Atl. 383, 18 A. L. R. 1348, annotated); Ætna Life Ins. Co. *v.* Rodriquez (Tex. Civ. App.), 255 S. W. 446); State ex rel. Kennedy *v.* District Court, 129 Minn. 91 (151 N. W. 530). But if the result of the injury itself was to impair the muscles, nerves, ligaments, or other structure of the leg, as distinguished

from mere atrophy due to nonuse, the entire disability could be denominated as a partial loss of use of the leg, in the same manner as if the injury had pertained to any other portion of the claimant's person instead of the foot. In such a case the exact situs of the injury, whether upon the foot or elsewhere, would not be important.

The claimant testified, "My leg, in my knee joint it don't hurt all the time. In bad weather and when I walk a right smart the whole bone hurts up in here; I can bend my knee and it feels like running two dry bones together." A physician, who examined the claimant on at least two occasions, testified that the claimant had a marked atrophy of the muscles of the leg "from the knee down, which comes about from the natural inability to use [the] leg, but which symptom is probably conclusive that he [the claimant] had quite a disability in his ankle;" and that the claimant complained "of painful right ankle joint and of the muscles and some pain in the right knee." The same witness further testified that the condition of the claimant was then at a standstill, and that he would probably "get no further improvement" so far as the ankle was concerned, except that "there will be some improvement in the muscle, atrophy in the leg."

In answer to a question as to whether the disability of the employee was dependent upon bone structure, or soft tissues, "including muscle, ligament, leaders, arteries, and veins," another physician testified as follows: "I don't think he has his disability from either. I think his disability . . is purely from nerves and not from either bone structure or soft tissue or ligamentous. He has a sufficient amount of bone to give him all the weight-bearing structure he wants, but we have got all those nerve filaments especially around his subastragular joints, and I think his disability is [more?] from the pain element than it is from the elements of the bone or ligament. Those things would not be disabling were it not for the pain, for the os calcis will finally unite and it is so large it is well able to support the part of the body, but those people can not get about unless you do an orthopedic, not because he has not got a union or because it won't support them, but because it is so painful those joint areas working together. I don't think his disability is to the bone or to the soft tissues but purely a pain element."

From the above evidence the industrial commission was authorized to find that the partial loss of use of the leg was due to the injury itself as causing a disturbance of the nerves of the leg, with consequent pain therein, and was not due to a mere loss of the power to function resulting from nonuse or inactivity.

A finding by the industrial commission is, in the absence of fraud, absolutely binding and conclusive upon the courts, if supported by any competent evidence whatever. *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75). The judge of the superior court properly denied the appeal.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*