### 40265. CLARK v. LIBERTY MUTUAL INSURANCE COMPANY et al.

PANNELL, Judge. 1. Where there is a permanent loss of use, either total or partial, resulting from an injury to a specific

member, compensation may be had under *Code Ann.* § 114-406 and this is exclusive of compensation under §§ 114-404 and 114-405, unless in consequence of the injury to the member the claimant suffered a super-added injury or disease affecting other portions of his body, as a result of which he is either totally or partially disabled to work at gainful employment in which event compensation is payable under *Code Ann.* §§ 114-404 and 114-405. *London Guarantee &c. Co. v. Ritchey,* 53 Ga. App. 628 (186 SE 863); *National Surety Corp. v. Martin,* 86 Ga. App. 77 (71 SE2d 666); *Georgia Cas. Co. v. Jones,* 156 Ga. 664 (119 SE 721); *Travelers Ins. Co. v. Reid,* 178 Ga. 399 (173 SE 376).

2. In the instant case, claimant sustained an accidental injury to his foot in the course of his employment and the claimant, employer, and insurance carrier entered into an agreement, approved by the board, providing weekly payments for temporary total disability arising from the injury to the foot. The insurer ceased the payments under said agreement and requested a hearing on change of condition. Claimant at said hearing testified that after he started using the injured foot the use of the foot caused such pain in his hip and "tailbone" as to prevent him from any gainful employment. The single director found that "except for reflected pain no disability is shown to exist in claimant's hip or tailbone," and, "that pain is not compensable under the Act." This finding was in effect a finding that the pain in another part of the body was caused by the injured foot and resulted in some disability, but that this disability, caused by such reflected pain, was not compensable under the Act. The finding of fact was authorized by the evidence, but the director erred in holding that the disability caused by such pain was not compensable, and for that reason finding the only "injury" was confined to the foot, and "therefore" awarding compensation for partial loss of use of the foot under *Code Ann.* § 114-406. "A physical impact is not a necessary prerequisite to an 'injury' within the Compensation Act." *Williams v. Maryland Cas. Co.,* 67 Ga. App. 649 (3) (21 SE2d 478).

3. It follows, therefore, that the full board erred in affirming the findings and award of the single director, and the superior court erred in affirming such action of the full board. The case is remanded for consideration of the disability of the claimant

under *Code Ann.* §§ 114-404 and 114-405; and the defendant in error, in his brief having admitted that the compensation payments under the agreement were terminated as of December 29, 1960, and that claimant is entitled to receive payments under said agreement from December 29, 1960, through May 19, 1961, when request for hearing on change of condition was made by the insurer, it is proper that the board order immediate payment of such amounts to the claimant.

*Judgment reversed and remanded for further proceedings. Bell, P. J., and Hall, J., concur.*

DECIDED DECEMBER 3, 1963—
REHEARING DENIED DECEMBER 20, 1963.

*Smith, Field, Ringel, Martin & Carr, Richard D. Carr, Williston C. White,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, James H. Moore,* contra.