46602. TRAVELERS INSURANCE COMPANY et al.
v. NEAL.

EVANS, Judge. This is a workmen's compensation claim by Mrs. Kathryn C. Neal, as the widow of John Crawford Neal, Sr. against his employer, Rockmart-Aragon Hospital, and its insurer, Travelers Insurance Company. Plaintiff's husband died during a confrontation with the employer's Board of Directors, in which he was accused of misappropriation of money and his resignation was requested. One of the board members was the personal physician of plaintiff's husband, and he advised the board during the discussion of Neal's serious heart ailment, and cautioned said board as to the way of making said charges against him and in requesting his resignation. Plaintiff's husband collapsed and died moments after signing the requested resignation, but while he was still in his office, briefing the board members on certain matters, and answering certain questions by the chairman regarding unauthorized use of hospital facilities by physicians not on the staff. It was determined that death resulted from a massive and immediately fatal coronary thrombosis.

The deputy director made a finding that plaintiff's husband, although he had resigned minutes before, remained in the course

of his employment in performing the activities of.his position at the very moment of his death and that if decedent's conduct in misappropriation of hospital moneys was criminal in nature, it was not accomplished with knowledge that it was likely to result in serious injury to him or with wanton and reckless disregard of the physical consequences. The deputy director likewise found that the evening confrontation between the members of the board and the decedent undoubtedly contributed to his death and found that the fatal coronary thrombosis constituted an accidental injury arising, not only in the course of, but out of his employment. His award was based upon the above finding of fact which was affirmed by a majority of the board, with one dissent. On appeal to the superior court the award was affirmed. The appeal is from this judgment. *Held:*

1. The employer and the insurer failed to carry the burden of proof in establishing that the employee's injuries resulted from wilful misconduct in this instance. *Code* § 114-105; *Reid v. Raper,* 86 Ga. App. 277 (1) (71 SE2d 735); *Borden Co. v. Dollar,* 96 Ga. App. 489 (100 SE2d 607).

2. The evidence here shows that one of the members of the board, who was a doctor and the personal physician of the deceased, advised the board of the deceased's condition during the discussion of the requested resignation, and cautioned them in regard to the method of making the confrontation, which was thereafter accomplished after hours in the hospital in the office of the administrator; and that their demand for his resignation could precipitate a heart attack. The board did not err in finding that the resulting injury was accidental, being emotionally initiated rather than physical. See in this connection *Brady v. Royal Mfg. Co.,* 117 Ga. App. 312 (160 SE2d 424); *Lumbermens Mut. Cas. Co. v. Griggs,* 190 Ga. 277, 287 (9 SE2d 84); Klimas v. Trans Caribbean Airways, 12 A. D. 2d 551 (207 NYS2d 72); Little v. J. Korber & Co., 71 N. M. 294 (378 P2d 119).

*Judgment affirmed. Quillian, J., concurs. Jordan, P. J., concurs in the judgment only.*

Submitted October 6, 1971—Decided October 21, 1971—
Rehearing denied November 1, 1971.

Swift, Currie, McGhee & Hiers, W. Wray Eckl, Hunter S. Allen, Jr., for appellants.

Mundy, Gammage & Cummings, E. Lamar Gammage, Jr., for appellee.