### 49287. POPE v. AETNA LIFE & CASUALTY COMPANY et al.

CLARK, Judge.

This workmen's compensation appeal is by an employee from a denial of his claim seeking additional payments for an alleged change in condition which he asserts warrants reopening the previous award.

Claimant sustained a compensable fracture of his right foot on March 23, 1968. The usual standard form compensation agreement for loss for a specific member injury was made between the employee, employer, and insurer. On each of nine dates, as the degree of disability varied following each of the four separate surgical operations the parties made supplemental compensation agreements which were all approved by the board. The last of these supplemental agreements was entered into on June 26, 1970 and was approved by the board on August 5, 1970 based upon a 72% loss of use of the right foot. Compensation was paid in varying amounts in accordance with these agreements for the statutory period of 135 weeks for loss of a foot plus a 10 weeks healing period pursuant to the provisions of Code Ann. § 114-406 (n).

On May 4, 1972, the employee through his attorneys applied for "a review of the sums paid me by the insurer and the determination and award by the board of the correct amount due from the insurer based upon my total and permanent disability under the provisions of § 114-709 of the Code of Georgia." (R. 19). This was filed within the two-year period provided by this Code section which authorizes a review on the ground of a change of condition.

At the hearing testimony was presented by the

employee and by depositions from two physicians, one of whom was the orthopedic surgeon whose reports had been the basis of the various agreements approved by the board. His deposition stated that he had treated the employee since the onset of his injury; that the employee had a 50% physical impairment of the right foot; that the claimant's foot injury and resultant altered gait aggravated a pre-existing lumbar spine condition; that x-rays of the lumbar region revealed degenerative changes of the spine; and that a 25% physical impairment rating was assigned to the claimant's lumbar spine region, on September 21, 1970, after the last supplemental agreement was entered into.

A portion (R. 101) of the findings of fact of the full board stated: "We, therefore find as a matter of fact that the claimant in this case has not shown a change in condition and that the last agreement approved by the board on August 5, 1970, wherein a rating of 72 percent was approved by the board would be the correct measure of a specific member disability as the highest rating given by either of the doctors was a 50 percent permanent partial loss of use of the right foot. The allegation of the claimant that he has body disability is not supported by the evidence as the Workmen's Compensation Law does not pay for pain and suffering and although the claimant has some arthritic changes in his spine, it is apparent that he has only a specific member injury which would be covered under the provisions of Georgia Code § 114-406 and that the said disability is confined to the right foot."

1. The evidence clearly authorized a finding that the claimant has not shown a change in condition of the specific member that was injured. The compensation payable for an injury to a specific member is based entirely upon the loss of use of the member. *Zurich Ins. Co. v. Robinson,* 127 Ga. App. 113 (3) (192 SE2d 533). The only issue for decision at a hearing to determine a change in condition of a specific member is the degree of the loss of use of such specific member and not the change, if any, in the claimant's economic condition.

2. While in conflict the evidence was sufficient to support a finding by the board that the claimant did not have a super-added injury affecting other portions of his

body which resulted in a disability which prevented him from engaging in gainful employment. *Clark v. Liberty Mut. Ins. Co.,* 108 Ga. App. 806 (134 SE2d 534).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

Argued May 6, 1974 — Decided October 4, 1974.

*Drew & Jones, Don M. Jones,* for appellant.

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr.,* for appellees.