## 57378. GEORGIA BUREAU OF INVESTIGATION et al. v. WORTHINGTON.

UNDERWOOD, Judge.

This is an appeal from a judgment of the Superior Court of Polk County affirming an award of compensation to Worthington by the State Board of Workers' Compensation.

The record shows that Worthington, age 53 at the time of the incident in question was an employee of the Georgia Crime Information Center, a division of the Georgia Bureau of Investigation, and he had primary responsibility for the collection and submission of statistical data on crime in his fourteen county district. Shortly after leaving his home in Cedartown on July 14, 1976, enroute to his employment-related appointment at a firing range in Atlanta, he stopped at a restaurant for coffee and while there experienced a dizzy spell. With some assistance, he left the restaurant and drove to the offices of a doctor in Cedartown, and later in the day, drove to his office in Atlanta where he experienced blurred vision, a headache, and impairment of speech and movement.

Three doctors testified in this proceeding, and all agreed that Worthington is totally incapacitated to perform the duties of his job. It is Worthington's contention that the medical incident which occurred on July 14, 1976, was caused by the stress and tension of the duties of his job. There was a variance in the diagnosis reached concerning the claimant's medical condition. After the administrative law judge denied benefits, the board made the following findings of fact: "The stress of claimant's work did contribute to the incident of July 14, 1976 and to his current disability. The Board bases this finding on Dr. Campbell's testimony that the stress of claimant's work was sufficient to precipitate an episode of symptoms such as he suffered on July 14, 1976. Dr. Seavey is not a cardiologist but is a specialist in internal medicine. His testimony is entitled to no more weight than that of Dr. Campbell, claimant's regular treating physician."

The GBI contends that because Dr. Campbell, who

had treated Worthington on a regular basis prior to the incident in question, referred the claimant to Dr. Seavey, a specialist in internal medicine, who gave testimony unfavorable to the claimant's contentions, then Dr. Campbell should not have been regarded as the claimant's regular treating physician with respect to the particular medical difficulties under consideration and that the board's reliance upon his testimony and characterization of him as "claimant's regular treating physician" constituted a misstatement of significant testimony and constituted error.

We do not find that the board's characterization of Dr. Campbell represents a misstatement of significant testimony and we affirm the award and judgment. The weight and credit to be given testimony of witnesses and other evidence before the Board of Workers' Compensation are solely matters for determination by the board. *Phoenix Ins. of Hartford v. Weaver,* 124 Ga. App. 423 (183 SE2d 920) (1971). In a case such as the one before us which includes inconsistent medical opinion it is the responsibility of the board to assign weight to the testimony of medical experts. Our role as a reviewing court prohibits us from setting aside a judgment where there is any evidence to support it. See *Balkcom v. Vickers,* 220 Ga. 345 (138 SE2d 868) (1964).

" When using the 'any evidence' criteria, the facts are to be construed in a light most favorable to the party prevailing before the board. Reviewing courts do not consider the weight of evidence; therefore, although a party prevailing before the board may have had the burden of establishing a factual proposition . . . this court looks not to see whether he carried the burden by a preponderance of the evidence, but only whether there is any evidence from which the conclusion can be drawn that the factual proposition contended for exists." *St. Paul Ins. Co. v. Henley,* 141 Ga. App. 581 (234 SE2d 159) (1977).

As there is evidence to support the board's findings and the judgment of the trial court affirming the award of compensation to the claimant, we will not disturb that decision.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

SUBMITTED MARCH 5, 1979 — DECIDED
APRIL 13, 1979.

*Arthur K. Bolton, Attorney General, Gary R. Hurst, G. Thomas Davis,* for appellants.
*James I. Parker,* for appellee.