## 58040. OWENS-ILLINOIS, INC. v. DOUGLAS.

CARLEY, Judge.

During the course of his employment appellee sustained an electrical shock with resulting injuries. A hearing was held "to determine the percentage of disability, if any, to a specific member" and the administrative law judge determined that appellee had a 52.5% permanent disability to his left arm. Appellee was awarded workers' compensation for specific member disability. The appellant- employer appealed to the board. The board adopted the findings of the administrative law judge and found additionally that: "While claimant's injury is to his shoulder, it affects only the function of his arm. Claimant has a specific member disability and not a disability of the body as a whole." The award of compensation was affirmed. The appellant appealed to the superior court which, after a hearing, made the findings of the administrative law judge and the additional findings of the full board its findings and affirmed the award. The appellant appeals from the judgment of the superior court awarding compensation.

The appellant-employer contends that since the board and the superior court found that the "injury" in the instant case was to the employee's left shoulder, and the shoulder is not a specific member listed under former Code Ann. § 114-406 (Ga. L. 1974, pp. 1143, 1147), the resulting loss of the use of his left arm is not compensable

as a specific member disability. It is urged that, under these circumstances, appellee has received an injury to his "body as a whole" rather than to his arm. In other words, the appellant argues that for purposes of specific member compensation the exact situs of the "injury" must be upon the member for which compensation is sought (in this instance, the arm), and unless this is true any disability to the member which results from the injury is not compensable under Code Ann. § 114-406. We do not agree with the appellant's analysis.

It is true that former Code Ann. § 114-406 (Ga. L. 1974, pp. 1143, 1145), the operative statute here, spoke of compensation for specific member "injuries." And in the overwhelming majority of cases construing this section the facts demonstrate that the situs of the physical impact which resulted in the loss of use of a specific member was to that member itself. However, "[a] physical impact is not a necessary prerequisite to an 'injury' within the compensation act." *Williams v. Maryland Cas. Co.,* 67 Ga. App. 649 (3) (21 SE2d 478) (1942); *Clark v. Liberty Mut. Ins. Co.,* 108 Ga. App. 806, 807 (134 SE2d 534) (1963). In *Ocean Acc. &c. Corp. v. Harden,* 44 Ga. App. 223 (160 SE 699) (1931), an employee sustained an injury to his foot, the result of which was an impairment of the muscles, nerves and ligaments of his leg. The employee was awarded compensation for a partial loss of use of a leg. The employer and carrier appealed, contending that the award should have been made upon the basis of a partial loss of the use of the foot, the situs of the injury. This court affirmed the award, holding that "if the result of the injury itself was to impair the muscles, nerves, ligaments, or other structure of the leg, as distinguished from mere atrophy due to nonuse, the entire disability could be denominated as a partial loss of use of the leg..." *Ocean Acc. &c. Corp. v. Harden,* supra, 224. See also *General Acc. &c. Assur. Corp. v. Beatty,* 45 Ga. App. 104 (163 SE 302) (1931). It is true that in both *Harden* and *Beatty* the physical impact was in the first instance to a specific member, whereas in the instant case the situs of the impact was to the shoulder which is not a specific member. However, in *Harden* the court concluded that if the *result* of the injury was a partial loss of use of the specific member,

"the exact situs of the injury, whether upon the foot *or elsewhere,* would not be important." (Emphasis supplied.) *Ocean Acc. &c. Corp. v. Harden,* supra, 225. It is thus clear that a specific member "injury," compensable under former Code Ann. § 114-406, is the resulting loss of use of that member regardless of the situs of the physical impact.

*Gulf American Fire &c. Co. v. Herndon,* 113 Ga. App. 678 (149 SE2d 404) (1966) inferentially supports this construction. In that case an employee sustained a work-related injury to his left shoulder. Apparently he suffered, as the result, a loss of use of his arm and, *in addition,* neck pains. The board awarded compensation under Code Ann. § 114-405 for partial incapacity for work, rather than specific member injuries under former Code Ann. § 114-406. The insurer appealed, apparently arguing that the injuries were compensable under Code Ann. § 114-406 rather than under Code Ann. § 114-405. On appeal this court found evidence that the employee was suffering a compensable partial incapacity for work under Code Ann. § 114-405 to be sufficient. On the question of whether specific member compensation for loss of use of the arm was appropriate where the situs of the injury was the shoulder, the court held: "Assuming, but not deciding, that the State Board of Workmen's Compensation did not also make a finding of, and an award for, partial industrial handicap because of disability of a specific member under Code § 114-406, . . . [Cit.], this is not a matter of which the insurer can complain." The inference is, of course, that if an injury to the shoulder resulted in loss of the use of the arm and the board did not make a finding of specific member compensation, it would be a matter of which the *claimant* could complain, i.e., that such an injury would be compensable under former Code Ann. § 114-406.

*Gentry v. Ga. Cas. &c. Co.,* 107 Ga. App. 888 (131 SE2d 788) (1963), cited by the appellant, is distinguishable and does not compel a contrary holding. In that case an employee had received a compensable specific member injury. The employer requested a hearing to determine a change in condition. The board and the superior court found that the employee's

condition had improved and made an award of compensation for 15% loss of use of the arm, an apparent reduction in percentage disability of the member. The employee appealed. On appeal the employee urged in support of his argument that his condition had not improved that the *temporary* immobility of his shoulder resulting from his arm being in a cast was a *superadded* compensable injury to his arm. In dicta, the court rejected this argument, holding in effect that under these facts there was no "permanent partial loss of use of the arm" and that the temporary immobility of the shoulder was not a superadded injury to the arm. In the case at bar, however, appellee makes no claim of temporary injury to his shoulder resulting in superadded injury to his arm. He claims that as the *direct result* of a physical impact to his shoulder, he has suffered *permanent* partial loss of use of his arm. For the reasons stated above, we believe that this is a compensable specific member injury.

The evidence here shows that appellee sustained a work-related injury which resulted in a fracture of the head of the humerus. The treating physicians testified that as the result of this impact appellee has suffered only a permanent partial loss of use of his left arm. Under this evidence, an award of compensation for specific member injury, rather than bodily disability, was proper. *Godbee v. American Mut. &c. Ins. Co.,* 95 Ga. App. 86 (96 SE2d 648) (1957).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED MAY 30, 1979 — DECIDED SEPTEMBER 5, 1979 — REHEARING DENIED SEPTEMBER 20, 1979.

*Warner R. Wilson, Jr., N. Sandy Epstein,* for appellant.

*J. Carol Sherwood, Jr.,* for appellee.