## 58343. HOME INSURANCE COMPANY et al. v. McEACHIN.

DEEN, Chief Judge.

On February 21, 1977, this employee fell backward while attending a staff meeting at work when the back of a chair in which she was sitting gave way. She reported the incident as an accident, but continued working until June 29, when she requested an early vacation because the pain in her back had been steadily growing worse. During the following week automobile travel apparently aggravated the pain, she returned home and was hospitalized on July 7, 1977. It also appears that she missed time from work in March, April, and May because of back pain. She testified, and the administrative law judge found as a fact, that she had had no back trouble prior to the fall. She had not worked since June 29, 1977. The claim was first filed on April 25, 1978. An award in favor of the claimant was entered at the hearing level, affirmed by the full Board of Workers' Compensation, and this judgment affirmed on appeal to the superior court on April 3, 1979 (prior to the effective date of Ga. L. 1979, pp. 619, 621, relating to the review of appellate decisions of the superior courts).

1. It is first contended that the accident, if occurring at all, must be dated from February 21, 1977, for which reason the filing of claim on April 25 of the following year came too late and is barred by the statute of limitation. Code § 114-305. The ALJ, however, followed *Central State Hospital v. James,* 147 Ga. App. 308 (1-2) (248 SE2d 678) (1978). That case examines three categories of injuries: (a) The worker sustains a job-related injury but continues work until forced to cease because of gradually increasing worsening of the physical condition; (b) the worker sustains two compensable injuries, the second aggravating the condition caused by the first, and (c) the worker is injured, draws compensation, returns to his job, and thereafter suffers a worsening of condition which again prevents him from working. The award in this case correctly placed McEachin's disability under (a), supra, following the rationale of *James.* See also *Hartford Ins. Group v. Stewart,* 147 Ga. App. 733 (250 SE2d 184) (1978). Ever since the leading case of *Shipman v. Employers Mut.*

*Liab. Ins. Co.,* 105 Ga. App. 487 (125 SE2d 72) (1962) it has been held that where an event occurs which is not immediately disabling, but the eventual disability which later ensues is supported by some evidence that the day to day trauma of performing one's duties under the affected bodily condition eventually becomes too much for the worker, the date of accident is to be taken as the date upon which it was impossible to continue the employment due to the aggravated effects of the original accident.

2. The original award, affirmed by the full board, correctly held that the hospitalization of the employee which was promptly reported to the employer constituted notice of the disabling injury held to occur as of July 7, 1977.

3. The appellant further argues that the claimant's back problem, if any, did not arise from the initial fall but from some other problematic and conjectural off-the-job occurrences. The claimant testified positively that no specific incident occurred between February 21, 1977 and the date of hearing which would have exacerbated the problem. This does not keep the gradual worsening of the condition from becoming an "accident" at the time when the claimant is no longer able to perform her duties. "[I]f the employment contributes to the aggravation of the pre-existing injury, it is an accident under our compensation law, and is compensable and it is not necessary that there be a specific job-connected incident which aggravates the previous injury." *Home Indem. Co. v. Brown,* 141 Ga. App. 563, 566 (234 SE2d 97) (1977).

The judgment of the superior court affirming the Board of Workers' Compensation is affirmed.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

Argued September 4, 1979 — Decided October 1, 1979.

*Richard S. Howell,* for appellants.
*William T. Straughan,* for appellee.