### 37686. TUGGLE v. WILSON.

MARSHALL, Justice.

This is a suit for specific performance of a real estate sales contract, and it is being brought by Tuggle as purchaser against Wilson as seller. We granted certiorari in order to review the holdings in both Divisions 1 and 2 of the Court of Appeals' opinion. In Division 1, the Court of Appeals held that a contingency to the contract contained in Clause 15 of the addendum is so ambiguous that the contract is rendered unenforceable for lack of mutuality. In Division 2, the Court of Appeals held that the plaintiff is liable to the defendant as a matter of law on the defendant's counterclaim against

the plaintiff for using obscene language over the telephone. We disapprove both holdings and reverse.

1. Clause 15 of the addendum makes this contract contingent upon acceptance of another contract by the plaintiff Tuggle to purchase a tract of land containing approximately 19.4 acres (referred to as the Gatlin property) and adjoining the property to be purchased (referred to as the Wilson property) on the south and east sides. However, the evidence shows that a tract of land containing approximately two acres (referred to as the Carter property) adjoins the Wilson property on the south and east, and it is the Carter property which the Gatlin property abuts on the south and east. The Court of Appeals held that because of this ambiguity in Clause 15 the contract lacks mutuality. We disagree.

It is well established that where a property description in the written contract is ambiguous, in that it can be interpreted as referring to more than one piece of property, parol evidence is admissible to explain the ambiguity and the contract is not rendered unenforceable for vagueness. *Little v. Saunders,* 163 Ga. 842 (137 SE 49) (1927). See *Follendore v. Follendore,* 110 Ga. 359 (2) (35 SE 676) (1900); *Gordon v. Trimmier,* 91 Ga. 472 (2) (18 SE 404) (1893); *Columbia Nitrogen Corp. v. Dean's Power Oil Co.,* 136 Ga. App. 879 (222 SE2d 602) (1975). A party may introduce parol evidence to establish a mutual mistake and thereby obtain a reformation of the contract. See *Jaakkola v. Doren,* 244 Ga. 530 (2) (261 SE2d 701) (1979); *Ga. Farm Bureau Mut. Ins. Co. v. Wall,* 242 Ga. 176 (2) (249 SE2d 588) (1978).

In addition, we have recently held in *Brack v. Brownlee,* 246 Ga. 818 (273 SE2d 390) (1980), that a discretionary contingency placed in a real estate sales contract for the buyer's protection does not render the contract unenforceable for lack of mutuality, where the buyer has provided consideration for the contract by paying earnest money. This is the case here.

In addition, it has long been the rule that the test of mutuality is to be applied as of the time the contract is to be enforced. *Wehunt v. Pritchett,* 208 Ga. 441 (67 SE2d 233) (1951) and cits. If a buyer brings suit for specific performance of a real estate sales contract, waiving a contingency placed in the contract for his benefit, it cannot be said that the contract lacks mutuality at the time suit is brought. See *Brack v. Brownlee,* supra; *Blanton v. Williams,* 209 Ga. 16 (70 SE2d 461) (1952).

2. The defendant responded to the plaintiff's complaint by filing a counterclaim against the plaintiff for damages for physical and mental pain caused by the plaintiff's use of obscene language in a telephone conversation which the plaintiff made to the defendant

after he was informed that the defendant did not intend to perform this contract.

The trial judge ruled that the language used by the plaintiff is obscene as a matter of law under Code Ann. §§ 26-2610 (b) and 104-9901. Accordingly, the defendant's motion for partial summary judgment was granted on the issue of the plaintiff's liability to the defendant on the defendant's counterclaim. The Court of Appeals affirmed, rejecting the plaintiff's argument that he is entitled to a jury trial on the question of his intent to harm the defendant. We find the plaintiff's argument to be persuasive in this regard. We therefore hold that the trial judge erred in granting the defendant's motion for partial summary judgment.

In Georgia, there is no tort of obscenity as such. *Herring v. Pepsi Cola Bottling Co.,* 113 Ga. App. 680 (3) (149 SE2d 370) (1966); *Barry v. Baugh,* 111 Ga. App. 813 (2) (143 SE2d 489) (1965); *Atkinson v. Bibb Mfg. Co.,* 50 Ga. App. 434 (178 SE 537) (1935). However, there is authority to sanction a recovery in tort where the defendant has wilfully and wantonly caused emotional upset to the plaintiff through the use of abusive or obscene language. See *Fountain v. World Finance Corp.,* 144 Ga. App. 10 (240 SE2d 558) (1977); *Beavers v. Johnson,* 112 Ga. App. 677 (145 SE2d 776) (1965). See also *Massey v. Perkerson,* 129 Ga. App. 895 (201 SE2d 830) (1973). Cf., *Jordan v. J. C. Penney Co.,* 114 Ga. App. 822 (152 SE2d 786) (1966). " 'While mental suffering, unaccompanied by injury to purse or person, affords no basis for an action predicated upon wrongful acts merely negligent, yet such damages may be recovered in those cases where the plaintiff has suffered at the hands of the defendant a wanton, voluntary or intentional wrong the natural result of which is the causation of mental suffering and wounded feelings.' *Dunn v. Western Union Tel. Co.,* 2 Ga. App. 845 (3) (59 SE 189); *Young v. W. & A. Railroad,* 39 Ga. App. 761, 766 (148 SE 414)." *Digsby v. Carroll Baking Co.,* 76 Ga. App. 656, 662 (47 SE2d 203) (1948).

We agree with the plaintiff that in this case there exists a jury issue on the question of his intent to harm the defendant through the use of the language uttered over the telephone.

*Judgment reversed and case remanded to the Court of Appeals for consideration of the appellee Wilson's remaining arguments. Jordan, C. J., Hill, P. J., Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 23, 1981 —
REHEARING DENIED OCTOBER 20, 1981.

*Harold A. Horne, Jr.,* for appellant.

*Richard C. Freeman III,* for appellee.