### 63801. HANSON BUICK, INC. et al. v. CHATHAM.

BIRDSONG, Judge.

We granted appeal in this case to determine whether mental disability without prior physical injury is compensable under Code Ann. § 114-102 of the Workers' Compensation Act as an "accident arising out of and in the course of employment." The superior court held that it is, thus reversing the findings and conclusions of the Workers' Compensation Board and administrative law judge.

The evidence is essentially undisputed and shows the following: the claimant Roe Chatham has a history of psychological and psychiatric problems dating back to World War II. He was treated for psychoneurosis and schizophrenia from 1946-1947, and as an out-patient for schizophrenic episodes and remissive schizophrenia from 1957-1967. In 1967, he was hospitalized with pyschological or nervous problems, and thereafter was treated as an out-patient every six months. He began work for employer Hanson Buick in 1973 as parts manager. In 1979, he was terminated without prior warning for poor performance in his duties. During the brief termination interview, the claimant appeared calm and "relieved"; within hours or a few days, however, the claimant suffered psychotic episodes wherein he engaged in suicidal behavior and lapsed into laughing and crying spells. He is disabled. There is evidence that the claimant's psychotic problems were in part due to stress and grief over the death of his mother nearly two years before he was terminated, to the unexpected loss of his job, and to the subsequent illness of his wife. The claimant did not suffer any physical injury during the course of his employment at Hanson Buick. *Held:*

The administrative law judge and the Board relied on *Brady v. Royal Mfg. Co.,* 117 Ga. App. 312 (160 SE2d 424) and *Sawyer v. Pacific Indemnity Co.,* 141 Ga. App. 298 (233 SE2d 227) as authority that Georgia has not recognized psychological or nervous injury

precipitated by psychic trauma as compensable and that hence the claimant did not suffer an injury by accident arising out of and in the course of his employment. The superior court, in reversing, ruled: "Injury caused by emotional trauma arising from a discharge from employment is compensable in Georgia. *Travelers Insurance Company v. Neal,* 124 Ga. App. 750 [186 SE2d 346] (1971). Psychological injuries fall within the scope of the Workers' Compensation Act, *Waters v. National Biscuit Company,* 13 Ga. App. 170 [147 SE2d 676] (1966); *Indemnity Insurance Company of North America v. Loftis,* 103 Ga. App. 749 [120 SE2d 655] (1961); and it has been established in this State that a physical impact is not a necessary prerequisite to a compensable injury. *Owens-Illinois, Inc. v. Douglas,* 151 Ga. App. 408 [260 SE2d 509] (1979); *Clark v. Liberty Mutual Insurance Company,* 108 Ga. App. 806 [134 SE2d 534] (1963)."

The superior court was in error. In *Brady,* supra, we denied compensation for nervous disorder without prior physical injury, by holding that an employee who experienced psychic disorder after an emotionally upsetting dispute with her employer, did not suffer an injury by accident because the occurrence which precipitated her disorder was no "accident." In *Sawyer,* supra, p. 301, we were more precise in denying compensation for mental or emotional disorder precipitated by mental or emotional stimuli, saying: "Georgia has always recognized as compensable those mental results which result from some initial *physical* injury.... (W)e have not recognized ... that 'psychological or nervous injury precipitated by psychic trauma is compensable to the same extent as physical injury.' (Cit.)" (In *Sawyer,* however, we did allow that that particular claimant's disorder might be compensable as an "occupational disease" under Code Ann. § 114-803.)

In *Loftis,* supra, cited by the superior court as authority that "psychological injuries fall within the scope of the Workers' Compensation Act," the psychological injury was in fact stimulated by a physical injury, and we specifically remanded the case "with direction . . . to award compensation based on the disability of the claimant, even though of a psychic nature *if arising from the physical injury."* (Emphasis supplied.) Likewise, the *Waters* case, also relied on by the superior court as authority that psychic disorders are compensable, concerned psychic disorder stimulated by physical injury. There we held, "If a disability exists, whether or not it is psychic or mental, if it is real and is brought on by the accident and injury . . . is nevertheless compensable." *Indemnity Ins. Co. v. Loftis,* supra; *Liberty Mut. Ins. Co. v. Archer,* 108 Ga. App. 563, 564 (134 SE2d 204).

The "injury caused by emotional trauma arising from a

discharge from employment" that *Travelers Ins. Co. v. Neal* held compensable was a *physical* injury, a heart attack, which, moreover, clearly arose out of and in the course of claimant's employment, although he had signed a resignation moments before. (See also Code Ann. § 114-102.) The cases which according to the superior court "established that a physical impact is not a necessary prerequisite to a compensable injury," in fact involved physical injury and physical disability, albeit injury to another part of the body than what ultimately became disabled. *Owens-Illinois,* supra; *Clark,* supra. Moreover, even though we have held that a specific physical *impact* is not always a prerequisite to compensation under the act (see *Home Ins. Co. v. McEachin,* 151 Ga. App. 567, 568 (260 SE2d 560)), it does not necessarily follow that a disability which has neither its origin nor its effect in some discernible physical incidence is compensable under the Act.

We have thus approved as compensable pursuant to Code Ann. § 114-102, in some limited cases, physical injury or disease attributable to psychic or emotional stimulus *(Travelers Ins. Co. v. Neal,* supra); and psychic or emotional trauma attributable to physical injury *(Waters,* supra; *Mutual Ins. Co. v. Archer,* supra; *Indemnity Ins. Co. v. Loftis,* supra). But we have specifically and expressly denied compensation for psychic trauma precipitated by psychic stimulus *(Brady,* supra; *Sawyer,* supra), despite what appellant and Larson Workmen's Compensation Law (1B Larson, § 42.23) characterize as a "distinct majority position supporting compensability" in cases where a mental or emotional stimulus results in a primarily "nervous" injury (see *Sawyer,* supra, p. 300).

The appellee-claimant alludes to the lack of logic in distinguishing between psychological causes of physical injury and psychological causes of psychological injury, and cites the great recent advances in "sophistication and accuracy of psychiatric diagnosis and treatment." We do not necessarily agree, however, that the "sophistication and accuracy of psychiatric diagnoses and treatment" is so very great; nor, if it were, could it overcome the clear-cut logic and pervasive public policy underlying the requirement that to be compensable psychological injury or disease must result "naturally and unavoidably" (Code Ann. § 114-102) from some discernible physical occurrence. Regardless of what other states may perceive to be reasonable interpretations and functions of their workers' compensation acts, the allowance of compensation for psychological disorder arising out of psychological injury, even if it were easily proved, could make mischief not remotely intended by the beneficent objectives of our Act. Employers would be helpless to discipline, much less fire, employees for fear of inciting or stimulating

a nervous, mental or emotional disorder (which is, we note, as part of the human condition more often than not in some degree present in every "firing"). Employers would be hamstrung to discipline employees (see esp. the facts in *Brady,* supra). Moreover, employers would with good reason hesitate or refrain from hiring persons with histories of "shell shock," psychiatric treatment, or even psychological counseling, for fear of being unable to discipline that employee or expose him or her to the vicissitudes of life, and for fear of being stuck with that employee's "life burden." The fact that the trauma might be real and not the product of malingering or compensatory neurosis (*Swift & Co. v. Ware,* 53 Ga. App. 500 (186 SE 452)) makes no difference to our decision because the burden would be the same.

We are not unsympathetic to persons of delicate psychic constitution. To the contrary, we are sympathetic enough to imagine that such persons should be as employable as those whom we regard as stable, and as free to function in commercial society as their conditions allow. To that very beneficent end, we would not place any burden upon employers that would diminish the rights of such persons to fair employment opportunity, particularly since the legislature has not specifically provided otherwise.

*Judgment reversed. McMurray, P. J., and Banke J., concur.*

DECIDED JUNE 16, 1982 —
REHEARING DENIED JULY 16, 1982 —

*Richard W. Summers, Vincent M. D'Assaro,* for appellants.
*Timothy W. Wolfe, Lee Southwell, Margie Pitts Hames,* for appellee.

ON MOTION FOR REHEARING.

On motion for rehearing, appellee Chatham argues stridently that we (1) misconstrued the cases cited in the opinion; (2) failed to recognize the trend and the logical result of these cases which would permit compensation for psychic injury arising out of psychic cause; (3) misinterpreted Code Ann. § 114-102 in holding that an injury must arise "naturally and unavoidably" from some discernible physical occurrence, in contradiction to *Maryland Cas. Co. v. Dixon,* 83 Ga. App. 172 (63 SE2d 272) and to the broad definition of "accident" in *Home Ins. Co. v. McEachin,* 151 Ga. App. 567, 568 (260 SE2d 560), where we said "if the employment contributes to the aggravation of the pre-existing injury, it is an accident under our compensation law"; (4) created illogic in denying such claims while permitting compensation for heart attack victims; (5) erred in failing

to follow the clear majority rule in other jurisdictions; (6) based our decision on unfounded fears of spurious claims and other potential mischief inherent in permitting such compensation; (7) erred in failing to distinguish this case from *Brady,* supra, "which was decided at a time when psychiatry had far less powers of diagnosis."

To these contentions we say: (1) the cases were correctly construed on their facts and in not one of them did we evince any inclination to compensate emotional or mental disability caused by emotional or mental impetus. Wherever language was used from which appellee infers such inclination (except *Sawyer v. Pacific Indemnity Co.,* 141 Ga. App. 298 (233 SE2d 227) where we approved compensation only for an "occupational disease"), there was in fact some physical occurrence or manifestation. See, e. g., *Indemnity Ins. Co. v. Loftis,* 103 Ga. App. 749 (120 SE2d 655) at pp. 749, 751. (2) Inasmuch as we have never approved compensation for mental or emotional injury arising from mental or emotional cause, but have repeatedly required some physical impetus or cause (see *Sawyer,* supra at p. 301; *Indemnity Ins. Co. v. Loftis,* supra, p. 752), the trend and logic of these cases and the effect of *Brady,* supra, and the actual holding of *Sawyer,* supra, is to deny such compensation in this state. (3) Our holding that to be compensable a psychic trauma must arise naturally and unavoidably from some discernible physical occurrence is in keeping with Code Ann. § 114-102 and with all Georgia cases we have seen. It will be noticed that we deliberately refrained from defining "accident" as a physical *blow or impact,* because of cases like *McEachin,* supra, where the aggravation of a pre-existing injury is not truly accidental nor impactive, but is nevertheless physical; and because of unfortunate cases like *Brady,* where we loosely and unnecessarily denied compensation for emotional injury because the emotional argument which precipitated it was "in no way accidental," when we should have merely said the cause was not a physical occurrence or injury. If we are compelled to say so, we do not believe the legislature intended the word "accident" in Code Ann. § 114-102 to mean anything except a physical occurrence, and we have found no case which, no matter what its language, has indicated otherwise. (4) There is no inconsistency or illogic in denying claims for emotional or mental injury precipitated by emotional or mental cause, while permitting compensation for heart attack victims, because a heart attack is a physical injury or occurrence for which, moreover, Code Ann. § 114-102 specifically gives compensation. Indeed, the legislature's care in prescribing what shall be compensable, from diseases "in any form" arising "naturally and unavoidably" from the accident to heart attacks when attributable to the work, alcoholism not at all and drug addiction only

in precise circumstances, convinces us that if mental or emotional illnesses arising out of mental and emotional causes were intended to be compensable, the legislature would have been very careful to say so. (5) We are not impressed by the alleged majority rule in other jurisdictions and are not bound to follow it. (6) Whether actual "mischief" would result from compensating those claims is irrelevant since they are not authorized by our law. (7) And finally, we do not find that our decision in *Brady* is outmoded because, as appellee says, "it was decided at a time when psychiatry had far less powers of diagnosis." This is a conclusion of counsel for appellee only.

*Motion for rehearing denied.*