70160. WILLIAMS v. ARA ENVIRONMENTAL
SERVICES, INC. et al.
(334 SE2d 192)

CARLEY, Judge.

At issue in this appeal is whether disabling depression and anxiety resulting from job stress and manifesting itself in dizziness, weakness, and palpitations may form the basis of a compensable workers' compensation claim.

Appellant had been employed by Georgia Southwestern College as a housekeeper for 15 years when, in January of 1983, the College contracted with ARA Environmental Services, Inc., to provide cleaning services to the institution. Appellant stayed on as an employee for

ARA. However, instead of being responsible for cleaning only one dormitory, her crew of three became responsible for cleaning at first four and later two dormitories. This increase in her workload was very stressful for the appellant, and on May 24, 1983, while performing her usual duties, she became nauseous and faint. She was later treated at a hospital emergency room for dizziness, weakness, and palpitations and was diagnosed as suffering from depression and anxiety, probably related to her job.

The administrative law judge (ALJ) and the Full Board found that appellant was "suffering from depression with anxiety manifesting themselves in *psychosomatic* physical complaints which are related to the claimant's reaction to the increased volume of work she performed as an employee. . . ." (Emphasis supplied.) The ALJ, the Full Board, and the superior court all denied compensation, relying on this court's decision in *Hanson Buick, Inc. v. Chatham*, 163 Ga. App. 127, 129 (292 SE2d 428) (1982), that "to be compensable[,] psychological injury or disease must result 'naturally and unavoidably' . . . from some discernible physical occurrence."

In *Hanson Buick, Inc. v. Chatham*, supra at 129, we noted that this court has approved as compensable, "in some limited cases, physical injury or disease attributable to psychic or emotional stimulus ([cit.]); and psychic or emotional trauma attributable to physical injury ([cits.]). But we have specifically and expressly denied compensation for psychic trauma precipitated by psychic stimulus [(cits.)]. . . ." In the instant case, there is at least some evidence to support the finding made below that appellant's physical complaints are psychosomatic and that they were precipitated by a psychic or emotional stimulus. Based upon that finding, the superior court correctly affirmed the denial of appellant's claim for workers' compensation benefits. *Hanson Buick*, supra; *Brady v. Royal Mfg. Co.*, 117 Ga. App. 312 (160 SE2d 424) (1968).

The ruling in *Ga. Bureau of Investigation v. Worthington*, 149 Ga. App. 628 (255 SE2d 99) (1979), upon which appellant relies, does not require a different result in the case now before us. In *Worthington*, the condition of the claimant which caused his total disability was physical. Although this court's opinion in *Worthington* merely refers to the fact that the claimant experienced "blurred vision, a headache, and impairment of speech and movement," the record in that case reveals that the Board found that the claimant was clearly physically disabled. The diagnosis made by the physicians who saw the claimant in *Worthington* varied from cerebral vascular accident (stroke) to episodic vertigo. The issue in *Worthington* was not whether the claimant's physical disability was compensable if work-related, but whether it *was* work-related. Our judgment affirming the Board's determination that the "claimant's work did contribute to

. . . his current disability" was based upon the any evidence rule. In contrast to *Worthington*, the instant case and *Hanson Buick* involve not disability arising from some discernible physical occurrence, but instead psychic disability resulting from purely psychological injury. As previously noted, disabilities of that type are not compensable under the workers' compensation law as enacted and applied in Georgia.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Birdsong, P. J., Sognier and Pope, JJ., concur. Banke, C. J., and Beasley, J., concur specially. Benham, J., dissents.*

BANKE, Chief Judge, concurring specially.

While I concur in the affirmance of the lower court's decision denying compensation, I believe the majority's attempt to save *Ga. Bureau of Investigation v. Worthington*, 149 Ga. App. 628 (255 SE2d 99) (1979), by dredging the record in that case for additional facts which do not appear in the published opinion, is both inappropriate and unavailing. Certainly, the bench and bar should be entitled to rely on the holdings set forth in our written decisions, without regard to what might or might not appear from an examination of the record in each case. In any event, with or without resort to the record in *Worthington*, I find our decision in that case to be in direct conflict both with our holding in the present case and with the holding in *Hanson Buick, Inc. v. Chatham*, 163 Ga. App. 127 (292 SE2d 428) (1982). Consequently, I would overrule it.

The claimant in *Worthington* maintained that he was totally incapacitated due to physical symptoms such as blurred vision, headache, and impairment of speech caused by the stress and tension of his job as a clerical employee for the Georgia Bureau of Investigation; and we affirmed an award of compensation to him based on this disability. The claimant in the present case maintains that she, too, is disabled by physical symptoms resulting from job stress and tension; and while her symptoms may perhaps be characterized as less severe than Worthington's, that does not make them any less physical in their manifestation, nor should it be allowed to obscure the central fact that the claimant in each case alleged that his or her physical symptoms were caused purely by psychic or emotional trauma rather than by any discernible physical occurrence. After careful consideration, I can conceive of no valid basis for distinguishing *Worthington* from the present case.

BEASLEY, Judge, concurring specially.

While the dissent makes a strong argument for change, we are dealing with the statutory scheme for workers' compensation, and the nature of the departure proposed addresses itself to legislative exami-

nation which can debate the medical aspects as well as the consequent ramifications of such a public policy.

BENHAM, Judge, dissenting.

Being unable to embrace the majority opinion, which distinguishes *GBI v. Worthington*, 149 Ga. App. 628 (255 SE2d 99) (1979), from *Hanson Buick, Inc. v. Chatham*, 163 Ga. App. 127, 129 (292 SE2d 428) (1982); the special concurrence of Chief Judge Banke, which would overrule *GBI v. Worthington*; or the special concurrence of Judge Beasley, which says that the matter is one reserved exclusively for legislative action, I write to bring calm and order to the already troubled waters of workers' compensation.

The special concurrence of Chief Judge Banke is entirely correct in its assertion that *Hanson Buick, Inc. v. Chatham* and *GBI v. Worthington* are facially incompatible; therefore, no attempt should be made to distinguish them, either through factual analysis or legal polemics. The issue simply put is whether a physical impact is a prerequisite to recovery for a psychological injury. The seminal case in this state for a physical impact triggering a psychological injury requirement was *Brady v. Royal Mfg. Co.*, 117 Ga. App. 312 (160 SE2d 424) (1968). There, compensation was denied when an employee became emotionally upset while at work, and a conversion reaction resulted in a loss of use of an extremity and finally in disability. This court, in denying disability, stated: "While mental illness is as real as pneumonia, like pneumonia it is an illness. It is not an 'injury' by accident." Id. at 314. A strong but futile dissent was registered by Judge Felton, wherein he stated "that the board too narrowly defined the word 'accident' . . . and it seems to comport with reason and justice to widen the base for recovery where the disability is required to be a result of an accident. [Cits.]" Id. at 315. Nevertheless, following *Brady v. Royal Mfg. Co.*, this court issued a long series of cases which required some type of physical impact to authorize compensation for psychological injuries: *Travelers Ins. Co. v. Neal*, 124 Ga. App. 750 (186 SE2d 346) (1971); *Owens-Ill., Inc. v. Douglas*, 151 Ga. App. 408 (260 SE2d 509) (1979); *Home Ins. Co. v. McEachin*, 151 Ga. App. 567 (260 SE2d 560) (1979). Two notable exceptions to the physical impact triggering psychological injury rule are *Sawyer v. Pacific Indem. Co.*, 141 Ga. App. 298 (233 SE2d 227) (1977), which in remanding the case authorized an occupational disease approach; and *GBI v. Worthington*, supra, which in granting compensation not only failed to mention the rule of *Brady* and its progeny, but also failed to analyze the evidence in light of the *Brady* rule.

In order to determine the continued vibrancy of the physical impact rule, we must look briefly to experiences not only in this state, but also in other states. The most significant departure from the

physical impact rule is *Bailey v. American Gen. Ins. Co.*, 154 Tex. 430 (279 SW2d 315) (1955). There, the claimant was standing with a co-worker on a scaffold when it gave way, plunging the co-worker to his death. The claimant managed to extricate himself without physical injury, but later developed a fear of heights with symptoms such as "blanking out," undergoing complete paralysis while working at a height, sleeplessness and violent nightmares, hypertension, and other nervous manifestations, all of which rendered him unable to continue in his profession. He was awarded compensation under a Texas statute having a restrictive definition of "injury" as "damage or harm to the physical structure of the body." Texas has been joined by many other states which allow compensation for a psychological injury in the absence of a triggering physical impact: Arizona, California, Florida, Illinois, Kentucky, Massachusetts, New Jersey, New York, Oregon, Virginia, and Wisconsin. See Larson, Workmen's Compensation Law (1B Larson, § 42.23 (a)) (1982 ed.); 97 ALR3rd 121, 161 (1978); 82 AmJur2d 90, Workmen's Compensation, § 301.

Georgia, in requiring a physical impact, continues to abide with a minority of other states: Kansas, Louisiana, Montana, Nebraska, Oklahoma, and Pennsylvania. We must look at our physical trauma requirement in light of OCGA § 34-9-1 (4), which defines "injury" as follows: " 'Injury' or 'personal injury' means only injury by accident arising out of and in the course of the employment and shall not, except as hereinafter provided, include a disease in any form except where it results naturally and unavoidably from the accident." This definition seems to be much less restrictive than the Texas requirement of harm to the physical structure of the body in *Bailey v. American Gen. Ins. Co.*, supra, where the psychological injury was found to be compensable. However, the Texas court confronted the issue by asking whether the claimant had suffered damage or harm to the physical structure of his body, and could only conclude from the evidence that he had.

Georgia cases, the most notable of which is *Hanson Buick, Inc. v. Chatham*, supra, have denied compensation by placing an unnecessarily restrictive interpretation on the word "accident" in insisting that only a physical injury can precipitate the neurosis which produces the disability. Such an interpretation runs contrary to the purpose of the Workers' Compensation Act, which is to be liberally construed in order to effectuate the humane objectives of the law. *U. S. Asbestos v. Hammock*, 140 Ga. App. 378 (231 SE2d 792) (1976). Indeed, *Lee v. Claxton*, 70 Ga. App. 226 (28 SE2d 87) (1943), requires that the words be reasonably and liberally construed to effectuate the purposes of the statute, which would be the extension of coverage. Even in a very early interpretation of the Workers' Compensation Act, the Supreme Court opined in *Lumbermen's Mut. Cas. Co. v. Griggs*, 190

Ga. 277 (9 SE2d 84) (1940), that the word "accident" was intended to have a broad meaning.

Likewise, this court has stated that "[a]n injury which arises out of and in the course of the employment, and which is not the result of the claimant's wilful misconduct or some other stated exception, is any injury 'by accident' under the terms of the act, although its immediate cause may be unknown [cit.], and although there was no physical impact or 'accident' in the ordinary non-technical sense of the word. [Cit.]" *Ideal Mut. Ins. Co. v. Ray*, 92 Ga. App. 273 (1) (88 SE2d 428) (1955). In heart attack cases, " '[a] physical impact is not a necessary prerequisite to an injury within the compensation act.' [Cit.]" (*Orkin Exterminating Co. v. Wright*, 92 Ga. App. 224, 225 (88 SE2d 205) (1955)); and on-the-job stress has been recognized as the determinative casual factor in both heart attack and heart disease cases. *City Council of Augusta v. Williams*, 137 Ga. App. 177 (223 SE2d 227) (1976); *Zippy Mart v. Fender*, 170 Ga. App. 617 (317 SE2d 575) (1984). Professor Larson's reasoning is in line with the Georgia heart attack cases when he states that "it is no longer realistic to draw a line between what is 'nervous' and what is 'physical' . . . Perhaps, in earlier years when much less was known about mental and nervous injuries and their relation to 'physical' symptoms and behavior, there was an excuse, on grounds of evidentiary difficulties, for ruling out recoveries based on such injuries, both in tort and in [Workers'] Compensation. But the excuse no longer exists." 1B Larson, § 42.23 (a), supra at 7-632.

In light of this history, judicial activity in this area is not only authorized, but will be a normal progression in carrying out the legislative intent.

The hallmark of our system of jurisprudence is its spirit of fairness and its ability to adjust to new situations. I can think of no greater need than the need to protect workers who form the backbone of our economic system. Therefore, we must view this matter with an eye toward progression rather than retrogression. The concern for abuse expressed in the excellent analysis in *Hanson Buick* dissuades me from jerry-rigging a rule just to suit this particular case. We must develop a simple and easily understandable rule that is fair and appropriate but which does not lend itself to flagrant abuse. An overriding concern of the *Hanson Buick* case was the fear of malingerers being compensated for unfounded and manufactured psychological injuries. This legitimate fear can be dealt with by imposing a "substantial evidence" requirement on review for nontrauma-triggered psychological injuries rather than the "any evidence" test that is presently applied in workers' compensation cases. See *Haydel v. Sears, Roebuck & Co.*, 483 NYS2d 792, 793 (Sup. Ct. App. Div. 1984).

What this dissent proposes is the adoption of the Wisconsin ap-

proach in *Swiss Colony v. Dept. of I.L.H.R.*, 72 Wis.2d 46 (240 NW2d 128) (1976), quoting from *School District v. I.L.H.R.*, 62 Wis.2d 370 (215 NW2d 373) (1974): "[I]n order for nontraumatically caused mental injury to be compensable in a [workers'] compensation case, the injury must have resulted from a situation of greater dimensions than the day-to-day mental stresses and tensions which all employees must experience." This more pragmatic approach is not such a drastic step in light of *Sawyer*, supra, and *GBI*, supra, which already allow compensation for psychological injury without physical trauma. As was stated in *Wolfe v. Sibley Lindsay & Curr Co.*, 36 N.Y. 2d 505 (369 NYS2d 637, 330 NE2d 603, 606) (1975)), "[t]here is nothing talismanic about a physical trauma requirement."

As the New York court noted in *Wolfe*, "there is nothing in the nature of a stress or shock situation which ordains physical as opposed to psychological injury. The determinative factor is the particular vulnerability of an individual by virtue of his physical makeup. In a given situation one person may be susceptible to a heart attack while another may suffer a depressive reaction. In either case the result is the same — the individual is incapable of functioning properly because of an accident and should be compensated under the [Workers'] Compensation Law." 330 NE2d at 606.

Since emotional or stress-induced heart attacks constitute accidental injuries and are compensable under Georgia law, no distinction should be made where there is a work-related illness.

In different but analogous situations we have found child abuse to exist where a child has been psychologically abused without any evidence of physical abuse. *Elrod v. Hall County Dept. of Family &c. Svcs.*, 136 Ga. App. 251 (220 SE2d 726) (1975); and *In Re Levi*, 131 Ga. App. 348 (206 SE2d 82) (1974). Recovery is allowed in tort actions where "the entire injury is to the peace, happiness or feelings of the plaintiff." OCGA § 51-12-6. See, e.g., *Tuggle v. Wilson*, 248 Ga. 335 (2) (282 SE2d 110) (1981); *Yalanzon v. Citibank (South Dakota)*, 169 Ga. App. 961 (315 SE2d 677) (1984). These decisions lend persuasive weight and principled undergirding to the belief that the physical trauma requirement is unnecessarily restrictive; therefore, it has outlived its usefulness.

The rule which I propose is as follows: (1) A nonphysical trauma-triggered psychological injury is compensable. (2) However, the injury must result from an occurrence or occurrences of greater dimensions than the normal stresses and tensions experienced by employees on the job. (3) Upon review, the standard shall be one of "substantial evidence" to support the finding of any injury rather than "any evidence."

The life of the law has been dependent upon proper adherence to precedent; however, the quality of the law's life is jeopardized when

the precedents run contrary to experience, reason, and fundamental fairness. For these reasons I would reject and overrule *Brady v. Royal Mfg. Co.* and its progeny and embrace the concept of compensability for nonphysical trauma-triggered psychological injuries as a more realistic approach. I would remand this matter to the State Board of Workers' Compensation for a determination under the above rule.

DECIDED JULY 10, 1985 —
REHEARING DENIED JULY 31, 1985 —

George M. Peagler, Jr., Alex Byars, for appellant.
Mark Gonnerman, for appellees.