A93A0622. OLIVER v. WAL-MART STORES, INC. et al.
(434 SE2d 500)

COOPER, Judge.

Appellant, an employee of Wal-Mart Stores, Inc. ("Wal-Mart"), was accused by her manager and a security guard employed by Wal-Mart of taking a ten-cent cup of ice without paying for it. Although she was not fired, she became very upset after her manager read a counseling statement to her. Following the incident, appellant had trouble sleeping and experienced chest pains and feelings of low self esteem. Appellant subsequently filed a lawsuit against Wal-Mart, the manager and the security guard (hereinafter "appellees"), asserting claims of libel, slander and intentional infliction of emotional distress. The trial court entered an order granting partial summary judgment to appellees on some of appellant's claims, leaving for adjudication appellant's claim of slander against the security guard and her claim of intentional infliction of emotional distress against the manager and Wal-Mart. The slander claim is based on a statement made by the security guard while viewing a videotape of the alleged theft. He allegedly stated that the scene depicted in the videotape clearly showed appellant taking the ice. The intentional infliction of emotional distress claim against the manager and Wal-Mart is based on the manager's reading of the counseling statement to appellant and later reprimanding appellant for discussing the incident with another employee. Appellees subsequently amended their answer to allege that the remaining claims were barred by the exclusive remedy provision of the Workers' Compensation Act (the "Act") and filed a motion

for summary judgment on that ground. The trial court granted appellees' motion for summary judgment and this appeal follows.

Appellant's sole enumeration of error is that the trial court erred in concluding that her claims for slander and intentional infliction of emotional distress were barred by the exclusivity provisions of the Act. OCGA § 34-9-11 (a) provides, in pertinent part, that "[t]he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee, . . . at common law or otherwise, on account of . . . injury. . . ." OCGA § 34-9-1 (4) provides the following definition of injury: " 'Injury' or 'personal injury' means only injury by accident arising out of and in the course of the employment. . . ." This court has held that to be compensable under the Act, the injury must be a physical injury or harm. See *W. W. Fowler Oil Co. v. Hamby*, 192 Ga. App. 422 (385 SE2d 106) (1989); *Hanson Buick v. Chatham*, 163 Ga. App. 127, 129 (292 SE2d 428) (1982). It is undisputed that the only injury involved in this case is a non-physical one. Appellees, citing *Bryant v. Wal-Mart Stores*, 203 Ga. App. 770 (417 SE2d 688) (1992), argue that the injury is nevertheless compensable because it arose out of and in the course of employment. However, *Bryant*, is distinguishable from this case because in that case, there was a physical injury connected to the non-physical injuries claimed by plaintiff. We conclude that since the only injury involved in this case is a non-physical one, it is not one which is compensable under the Act. Consequently, we hold that the trial court erred in granting summary judgment to appellees based on the exclusivity provisions of the Act.

*Judgment reversed. McMurray, P. J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur because by their very nature, claims of slander and intentional infliction of emotional distress are excluded from coverage under the Workers' Compensation Act. The right to workers' compensation for injuries proximately caused by such tortious acts is not within the purview of the Act because these types of injuries fall outside the definition of "injury" or "personal injury" as used in the Act. OCGA § 34-9-1 (4). None of the injuries resulting from such acts would be physical, and the Act does not cover occurrences which result in exclusively non-physical injury. *W. W. Fowler Oil Co. v. Hamby*, 192 Ga. App. 422 (385 SE2d 106) (1989). Although there might be some psychic disability resulting from the purely psychological injury when slander or intentional infliction of emotional distress occurs, this is outside the confines of the Act. *Williams v. ARA Environmental Svcs.*, 175 Ga. App. 661 (334 SE2d 192) (1985). As in the employee versus employer malicious prosecution case of *Bi-Lo, Inc. v.*

*McConnell*, 199 Ga. App. 154 (404 SE2d 327) (1991), the Workers Compensation Act is simply not involved. *Bryant v. Wal-Mart Stores*, 203 Ga. App. 770 (417 SE2d 688) (1992), involved false imprisonment as the cause of action, which two judges of the court held came within the purview of the Act, so that even the employee's non-physical injuries could not be redressed by a tort action. The judge who concurred specially viewed a claim of false imprisonment which involves only non-physical injuries as not being barred by the Act. As he pointed out, "to prevail on a false imprisonment claim, one does not have to show either physical or mental harm but only wrongful detention." Id. at 774. He quotes Larson, with whom I agree:

" 'If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injury being at most added to the list of injuries as a makeweight, the suit should not be barred. But if the essence of the action is recovery for physical injury or death, the action should be barred even if it can be cast in the form of a normally non-physical tort.' 2A Larson, The Law of Workmen's Compensation, § 68.34 (a), at 13-117 (1990). See also id. at § 68.31." *Bryant*, supra at 775. Plaintiff's claim in *Bryant* involved physical injury and death as well as deprivation of liberty, so the concurring judge agreed that the suit was barred by the exclusivity provision of the Workers' Compensation Act.

In this case, the nature of the claims involve only non-physical injury, and plaintiff of course alleges such, so her causes of action are not barred by the Act.

I note that the majority opinion refers to chest pains. I find no evidence of such, but if there is any, they would be regarded not as physical injury but rather as originating in psychic causes. See *Williams*, supra.

DECIDED JULY 2, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 —

*Joe H. Thalgott*, for appellant.
*Anderson, Walker & Reichert, Robert A. B. Reichert*, for appellees.