36071. IN RE COMPLAINT AGAINST ROBERT K. BROOME, JUDGE, STONE MOUNTAIN JUDICIAL CIRCUIT.

PER CURIAM.

A hearing was held by the Judicial Qualifications Commission to determine whether or not Judge Robert K. Broome of DeKalb Superior Court had:

(1) Presided and made rulings in cases in which his impartiality might reasonably be questioned due to the fact that his son-in-law represented one of the parties therein; and

(2) Entered an order in the case of Wolf v. Wolf revoking an order of Presiding Judge R. Keegan Federal setting a hearing before the non-jury division and in so doing used derogatory language toward Judge Federal from the bench and later on said date went to Judge

Federal's office and berated and abused him with vulgar and obscene language which was heard by several other persons.

After an extensive hearing the Commission concluded as to (1) above that "The evidence clearly establishes that Judge Broome has presided in several cases, and particularly that of Wolf v. Wolf, in which he was disqualified under Canon 3, Section C(1)(d)(ii) by virtue of the fact that one of the parties was represented by his son-in-law, and in which the requirements of Canon 3, Section D, were not complied with."

The Commission also concluded as to (2) above that "The evidence also makes out a clear and convincing case that Judge Broome was guilty of the conduct outlined in the second statement of charges."

On the basis of its findings and conclusions the Commission recommends that Judge Broome "be suspended from office without pay for a period of thirty days and that during that period he physically remain away from his chambers. . ."

We have carefully reviewed the record and the response filed by Judge Broome. We conclude that the evidence establishes that Judge Broome presided in several cases in which he was disqualified under Canon 3, Section D, due to the fact that one of the parties was represented by an attorney within the prohibited degree of relationship without an agreement in writing waiving such disqualification. The requirement set forth above is one that is reasonable and should be strictly complied with. A judge should disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned. Canon 3, Section C(1)(d)(ii). In our opinion, there is an affirmative duty on a judge to disclose to the parties his relationship to an attorney within the prohibited third degree even without challenge.

With regard to the second incident, we note that both Judge Broome and Judge Federal consider this as being a "private matter" between them, and Judge Broome has apologized to Judge Federal for his conduct. However, as the Commission pointed out, the Code of Judicial Conduct exacts from a judge "high standards of conduct," conduct that "promotes public confidence in the integrity and impartiality of the judiciary" and that a judge is expected

at all times to be "patient, dignified and courteous to litigants, jurors, witnesses and others with whom he deals." The record before us compels us to the conclusion that Judge Broome's conduct on the occasions set forth therein has not measured up to these stringent standards.

*IT IS THEREFORE ORDERED* that effective March 1, 1980, Judge Robert K. Broome be suspended from office without pay for a period of thirty (30) days and that during said period he physically remain away from his chambers.

*All the Justices concur, except Nichols, C. J., and Jordan, J., who would order that Judge Broome be suspended from office without pay for a period of fifteen (15) days during which period he would physically remain away from said office.*

DECIDED FEBRUARY 7, 1980.

*Arthur K. Bolton, Attorney General, Michael J. Bowers, Senior Assistant Attorney General,* for Judicial Qualifications Commission.

*Moulton, Carriere, Cavan & Maloof, J. Wayne Moulton, Edward E. Carriere, Jr.,* for Broome.