# IN THE MATTER OF: INQUIRY CONCERNING A JUDGE NO. 481.

PER CURIAM.

A complaint was filed against Judge Robert J. Noland with the Judicial Qualifications Commission charging him with violation of the Georgia Code of Judicial Conduct Canons 1, 2, and 3 (Code Ann. Title 24, Appendix A).

The complaint arose out of Judge Noland's conduct at the trial of a condemnation action. The complaint, filed by the attorney for the lessee/condemnee, alleged that some fourteen derogatory or flippant remarks had been made by the judge during the trial. Several of the remarks were made in the presence of the jury and twelve of the remarks were directed at the attorney who brought the complaint. It further alleged that when counsel attempted to complete the record by tendering proof which had previously been ruled inadmissible of the value of the leasehold to his client, Judge Noland left the bench and instructed his court reporter to take down nothing further. When counsel persisted, the judge found him in contempt and instructed the sheriff that counsel could spend the night with him. The complaint was later amended to add the allegation of another

attorney, James R. Dollar, that following his testimony at the first hearing of the Commission on the matter, the judge told him, "Jim, I don't appreciate what you did to me in April and as far as I'm concerned you are a conniving son of a bitch."

The Judicial Qualifications Commission found the facts to be as alleged in the complaint and that the actions of Judge Noland were in violation of the Canons of Judicial Conduct. We agree with this finding; however, we cannot agree with the penalty recommended by the Commission. The Commission recommended that Judge Noland be suspended from his office as Judge of the Superior Courts of the Douglas Judicial Circuit for a period of sixty days, without pay, and that he not be permitted to occupy his office physically during the period of such suspension. We conclude that a sixty day suspension without pay is too severe under the facts of this case.

IT IS THEREFORE ORDERED that effective November 1, 1983, Judge Robert J. Noland be suspended from office without pay for a period of fifteen (15) days and that during said period he physically remain away from his chambers.

*All the Justices concur.*

DECIDED OCTOBER 7, 1983.

*Robert E. Hall,* for Judicial Qualifications Commission.
*Warren C. Fortson, William C. Tinsley II,* for Noland.