70784. DELTA AIR LINES, INC. et al. v. McDANIEL.
(336 SE2d 610)

SOGNIER, Judge.

Delta Air Lines, Inc. and its insurer, Employers Insurance of Wausau, were granted this discretionary appeal from a judgment of the superior court affirming the award of the State Board of Workers' Compensation (Board) in favor of Donald R. McDaniel.

Appellants contend the superior court erred by affirming the Board's order because one of the directors of the Board who heard appellants' appeal was the father-in-law of appellee's attorney. Canon 3 C (1) of the Code of Judicial Conduct (Code) provides, in pertinent part: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: . . . (d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: . . . (ii) is acting as a lawyer in the proceeding." 231 Ga. A-5, A-6 (1973). The Code, adopted by the Supreme Court in 1973 and made effective January 1, 1974, provides an even broader rule of disqualification than that outlined in OCGA § 15-1-8. See *Stephens v. Stephens*, 249 Ga. 700, 701 (2) (292 SE2d 689) (1982). The Supreme Court has held that pursuant to the Code, "[a] judge should disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned. Canon 3, Section C (1) (d) (ii). . . . [T]here is an affirmative duty on a judge to disclose to the parties his relationship to an attorney within the prohibited third degree even without challenge." *In re Broome*, 245 Ga. 227, 228 (264 SE2d 656) (1980). The Judicial Qualifications Commission has recently held that directors of the Board are subject to the Code. Judicial Qualifications Commission Opinion No. 66, January 30, 1985. The Commission based its decision on the compliance section of the Code which does not list directors of the Board in its enumerated exceptions and which states: "Anyone, whether or not a lawyer, who is an officer of a judicial system performing judicial functions, including an officer such as a referee in bankruptcy, special master, court commissioner, or magistrate, is a judge for the purpose of this Code. All judges shall comply with this Code except as provided below." 213 Ga. A-14 (1973).

524

The record reflects that one of the Directors, who is the father-in-law of appellee's attorney, failed to disqualify himself in this case and did not inform the parties of his relationship with appellee's attorney. Because there is no indication in the record that the parties waived the disqualification of the Director, see *Moon v. State,* 154 Ga. App. 312, 314 (4) (268 SE2d 366) (1980), we are compelled to reverse. See *Canon* 3C (1) (d) of the Code, supra; *In re Broome,* supra; Judicial Qualifications Commission Opinion No. 66, supra. We note that the Board is empowered to appoint deputy directors on a temporary basis with the same authority and power as directors. OCGA § 34-9-47. If this case is heard again before the Board, this procedure should be used to replace any director who is disqualified so that appellants are afforded a review by a full Board. See OCGA § 34-9-103 (a). However, it is our opinion that this case must first be reconsidered by the ALJ in light of the uncontroverted fact that the ALJ issued her decision without considering a deposition of a doctor supporting appellants' position that appellee's condition was not work-related. Although the Board is authorized to take "additional" evidence, OCGA § 34-9-103 (a), and in this case noted that the doctor's deposition had been considered, that deposition was not "additional" evidence, but was taken within the time permitted by the ALJ for completion of the evidence and it is more appropriate that it be first considered by the ALJ along with all the evidence. See OCGA § 34-9-102 (f); see also *Binswanger Glass Co. v. Brooks,* 160 Ga. App. 701, 702-3 (1) (288 SE2d 61) (1981). Therefore, the decision of the superior court is reversed with direction that this case be remanded to the Board to return to the ALJ for consideration of all the evidence.

*Judgment reversed. Carley, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED OCTOBER 22, 1985.

*James T. McDonald, Jr., Douglas A. Bennett,* for appellants. *Charles L. Cash, Jr., J. Kelley Quillian,* for appellee.