74329, 74365. DOUGHERTY COUNTY BOARD OF EDUCATION et al. v. LUNDY; and vice versa.
(359 SE2d 403)

SOGNIER, Judge.

Ernestine Lundy sought workers' compensation benefits from her employer, Dougherty County Board of Education (Dougherty County), contending she had developed atypical psychosis and paranoid schizophrenia from teaching third-grade students at one of Dougherty County's schools. The administrative law judge, Gordon Zeese, held that Lundy had suffered a compensable injury arising out of and in the course of her employment and awarded her compensation for her injury. Dougherty County and its insurer timely appealed to the State Board of Workers' Compensation (Board) which reversed the ALJ's award because of the absence of any evidence of physical injury suffered by Lundy to support her claim for psychological disability. The parties agree that the Board's award, dated June 5, 1986, was signed by two directors of the Board and by "Acting Director," Calvin B. Southard, an ALJ and the executive assistant to the Board. Southard, pursuant to a verbal appointment by the Chairman of the Board and the concurrence of the directors, was appointed an "acting director," or, more accurately, a deputy director pursuant to OCGA § 34-9-47, in order to sit in for the absent employee-representative director. Lundy filed a motion to reconsider on the ground that Southard was not qualified to sit in place of the employee-representative director. On July 1, 1986, the Board, with all three regular directors

sitting, granted Lundy's motion in order to "correct an apparent error" and vacated the June 5 award. The Board then conducted a de novo review of the evidence and made the findings and conclusions of ALJ Zeese its own. Dougherty County and its insurer appealed to the superior court which found (1) the Board exceeded its authority in making the July 1 award in that (a) it conducted a de novo consideration of the evidence and (b) the error caused by Southard's presence on the earlier Board, which was contrary to OCGA § 34-9-42 and which rendered the June 5 award null and void, was not an "apparent" error. OCGA § 34-9-103 (b). The superior court thereupon set aside the July 1 award according to OCGA § 34-9-105 (c). However, the superior court then held (2) that the adoption by the July 1 Board of the findings of ALJ Zeese satisfied the "any evidence" test. Determining that no further findings of fact or additional consideration of evidence was required, the superior court ordered that an award be entered for Lundy in accordance with ALJ Zeese's findings of fact and the adoption of those findings in the July 1 award of the Board. This court granted the application for discretionary appeal made by Dougherty County and its insurer, The Standard Fire Insurance Company, in Case No. 74329. Lundy cross appeals in Case No. 74365 from that part of the superior court's order holding the July 1 Board exceeded its authority in reconsidering the June 5 award.

1. The initial question to be determined is whether a person appointed by the Board to serve temporarily on the Board as a deputy director pursuant to OCGA § 34-9-47 must meet the qualifications of a regular director of the Board selected by the Governor pursuant to OCGA §§ 34-9-40; -42. OCGA § 34-9-40 places the duty on the Governor to appoint directors to the Board. OCGA § 34-9-42 sets forth the qualifications the directors appointed by the Governor must meet: one director, the chairman, "shall" be a person capable of representing the public at large; one director "shall" be considered a representative of employers due to previous employment, affiliation, etc.; and one "shall" be a person whose previous employment or affiliation qualifies him to be considered a representative of employees. It is uncontroverted that Southard's credentials, distinguished though they are, are not such as to qualify him to serve as an employee-representative director. However, we are not addressing here the question whether the Governor could appoint Southard to serve as the employee-representative director of the Board. Rather, we are concerned with OCGA § 34-9-47 in which the General Assembly gave the Board the authority to appoint deputy directors to serve "from time to time . . . when and where needed and without permanent positions." We have held that this statute provides the procedure the Board should use to replace (temporarily) any director who is disqualified to sit on the Board. *Delta Air Lines v. McDaniel*, 176 Ga. App. 523, 524 (336

SE2d 610) (1985). It follows that OCGA § 34-9-47 also provides the procedure to be followed in order to replace temporarily any director who is unable to sit on the Board during its regularly convened sessions. The language of OCGA § 34-9-47 does not contain any qualifications an appointee must meet to become a deputy director, nor do we feel that such a requirement is implicit in the statute, as Lundy argues and the superior court appeared to find. OCGA § 34-9-47 provides that the *Board* may appoint deputy directors, a board whose components have already been established to provide for fair and equitable representation by all parties involved by means of OCGA § 34-9-42.

Therefore, since the plain and unambiguous language of OCGA § 34-9-47 does not require a deputy director, appointed by the Board to fill the seat of an absent director, to meet the qualifications of that particular director, and since the composition of the Board selecting the temporary deputy director safeguards the interests of all the parties, we will not graft the qualifications of Governor-appointed directors of the Board onto the Board-appointed temporary deputy directors. The appointment of Southard by the Board to sit in temporarily for the absent employee-representative director thus did not constitute error under the Workers' Compensation Act, OCGA § 34-9-1 et seq. Nor does the record reveal any other error in Southard's temporary appointment. As we noted in *Delta Air Lines*, supra, directors of the Board are subject to the Code of Judicial Conduct. It follows that deputy directors exercising the power and authority of directors are also subject to the Code of Judicial Conduct while they are serving as officers of a judicial system performing judicial functions. 251 Ga. 907-908 (1984). We note that under 251 Ga. 908 B (1) and (2), a deputy director acting temporarily as a director constitutes the equivalent of a judge pro tempore, who is not required to comply with Canon 5 C (3), D, E, F, and G, and Canon 6 C, and who should not act as a lawyer in a proceeding in which he has served as a judge or in any other proceeding related thereto. We further note that Southard, as "acting director" of the Board, properly recused himself from hearing any cases in which he had served as the ALJ.

Lundy does not contend, nor is there the slightest indication in the record, that any infringement of the Code of Judicial Conduct occurred during Southard's temporary appointment as acting director on the Board. Since we have determined that the sole basis for Lundy's enumeration that Southard was disqualified to serve as an acting director was incorrect as a matter of law, it follows that the superior court incorrectly held that Southard's appointment was error.

2. However, the superior court correctly determined the July 1 Board exceeded its authority in reconsidering the June 5 award, albeit

for a reason (no "apparent" error) we have held incorrect in Division 1. OCGA § 34-9-103 (b) provides that "the full board or any of its members or deputy directors issuing an award shall have authority to reconsider, amend, or revise the award to correct apparent errors and omissions." Although we have held that the appointment of Southard as acting director was not error, apparent or otherwise, we affirm the superior court's holding that the July 1 Board exceeded its authority in reconsidering the June 5 award under the "right for any reason" principle. See generally *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185, 189 (345 SE2d 858) (1986). Accordingly, this holding is dispositive of Lundy's cross appeal and so as to Case No. 74365, we affirm.

3. The superior court, after properly setting aside the July 1 Board's award, thereupon erred when it then upheld the July 1 Board's adoption of ALJ Zeese's award under the "any evidence" rule in favor of Lundy. The July 1 Board was without statutory authority when it reconsidered, then vacated, the June 5 Board's award, quite aside from the fact that the July 1 Board then improperly conducted a de novo review of the evidence in order to enter the award for Lundy. See *Cotton States Ins. Co. v. Bates*, 140 Ga. App. 428, 429 (231 SE2d 445) (1976); *Aetna Cas. &c. Co. v. Barden*, 179 Ga. App. 442, 445 (346 SE2d 588) (1986), Pope, Judge, concurring specially. The Board being an administrative body possessing only the power conferred upon it by statute, *Hyde v. Atlantic Steel Co.*, 112 Ga. App. 136 (1) (a) (144 SE2d 232) (1965), the July 1 Board had no authority under OCGA § 34-9-103 (b) to reconsider and vacate the June 5 Board's award, which contained no apparent error or omission, and accordingly the July 1 Board's award is null and void. Thus, the superior court, while properly applying the "any evidence" standard, applied the standard to the wrong award. The sole valid award was the June 5 Board's award reversing ALJ Zeese's award and denying Lundy compensation due to the lack of any physical injury to support her claim of psychological disability. Thus, we need not address those enumerations of error raised by Dougherty County and its insurer asserting the superior court's order and the July 1 Board's award were incorrect as a matter of law under the holdings of this court in *Hanson Buick v. Chatham*, 163 Ga. App. 127 (292 SE2d 428) (1982) and *Williams v. ARA Environmental Svcs.*, 175 Ga. App. 661 (334 SE2d 192) (1985). Our review of the record reveals there is sufficient evidence that Lundy's psychological injury did not arise from any discernible physical occurrence to support the June 5 Board's award. Therefore, as to Case No. 74329, the order of the superior court is reversed with direction that the June 5 award of the Board be reinstated as the valid award of the Board and affirmed under the "any evidence" standard. See generally *Randall & Lewis Lumber Co. v. Randall*, 177 Ga. App. 665, 666 (340 SE2d 644) (1986).

554

*Judgment in Case No. 74329 reversed with direction. Judgment in Case No. 74365 affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 24, 1987 —
REHEARING DENIED JULY 6, 1987 —

*William A. Erwin,* for appellants.
*Jack J. Helms, Jack J. Helms, Jr.,* for appellee.