*hen, Assistant General Counsel State Bar,* for State Bar of Georgia.

46883. IN THE MATTER OF: INQUIRY CONCERNING
A JUDGE NO. 1228.
(378 SE2d 115)

PER CURIAM.

A complaint was filed against Judge Robert J. Noland with the Judicial Qualifications Commission charging him with violation of the Georgia Code of Judicial Conduct Canons 2 and 3.

The complaint arose out of Judge Noland's conduct in connection with a lawsuit filed by one of the complainants seeking to expunge the special presentment of the Douglas County Grand Jury, returned on August 24, 1987, with reference to the Douglasville/Douglas County Water & Sewer Authority. That complainant alleged that he had two informal discussions with the respondent before the rule-nisi hearing. The first was in the record room at the courthouse, when he mentioned to the respondent that the case was probably going to be filed and asked whether he should contact the court administrator about having a judge from another circuit come in, to which the respondent replied, "No problem." In the second, the respondent called and asked the complainant to come to his office and suggested to him that the case be dismissed. The complainant testified that he replied that he would have to talk to his client; that he and the district attorney, Frank Winn, agreed to continue the case if the respondent would agree, but that, when he called the respondent to ask for a postponement, the latter refused and said, "You've had your chance to try this case, now it's mine," then told him to "[b]e here at 1:30." The respondent further stated that he was anxious to hear who paid the filing cost, and how much, so he could make them pay for this action out of their pockets. He acknowledged that he had been found in violation of these same Canons and suspended from office without pay for 15 days. *In the Matter of: Inquiry Concerning a Judge No. 481,* 251 Ga. 524 (307 SE2d 505) (1983).

The Judicial Qualifications Commission found the facts to be as alleged in the complaint and that the actions of Judge Noland were in violation of Canons 2 and 3A (3). The Commission recommended that Judge Noland be suspended from his office as Judge of the Superior Courts of the Douglas Judicial Circuit for a period of three months, without pay; that he not be permitted to occupy his office physically during the period of such suspension; and that he be publicly reprimanded by this Court. We agree with this finding, but we modify the recommendation of a three-month suspension to a forty-five day suspension.

It is therefore ordered that effective May 1, 1989, Judge Robert J. Noland be suspended from office without pay for a period of forty-five days and that during said period he physically remain away from his chambers. We decline to follow the Commission's recommendation as to the public reprimand.

*All the Justices concur.*

DECIDED APRIL 6, 1989.

*Robert E. Hall, Hugh M. Dorsey, Jr.,* for Judicial Qualifications Commission.

*Cook & Palmour, Bobby Lee Cook, Edwards & Krontz, Kenneth W. Krontz,* for Noland.