## S91A1631. IN THE MATTER OF: INQUIRY CONCERNING A JUDGE NO. 1496.

### (407 SE2d 743)

PER CURIAM.

A complaint was filed with the Judicial Qualifications Commission charging respondent Judge Robert J. Noland with conduct violative of the Georgia Code of Judicial Conduct.

The charges arose from respondent's conduct in a hearing he conducted in a domestic relations action. In the Notice of Formal Proceedings served on respondent, the specific allegations of the complainant were refined to three issues: whether respondent's language, comments and conduct during the hearing were intemperate, discourteous or injudicious; whether respondent failed and refused during the hearing to hear material evidence and/or witnesses and demonstrated a manifest bias; and whether respondent, by observations and comments, conveyed the impression that certain persons, by reason of their residence or relationships, were in a special position to influence him.

The evidence before the Commission included the transcript of the hearing in which the questioned conduct occurred, and the testimony of the complainant. The hearing arose from the petition of the complainant's former husband for a change of custody based on the complainant's conduct in living with a man to whom she was not married. The transcript of the hearing established several occurrences relevant to this proceeding. Respondent announced prior to the opening of the evidence that he was ruling against the complainant so long as she was living with a man to whom she was not married. During a witness' testimony establishing her qualifications as an expert, respondent interrupted her with wholly irrelevant remarks, then asked her questions about her marital and parental status. Respondent commented at one point that he would welcome a particular witness if she was as "sharp looking" as another female witness had been. When the complainant's 18-year-old daughter was called as a witness, respondent instructed opposing counsel not to ask questions since respondent was not going to listen to the witness. At the close of the hearing, respondent refused to make requested findings of fact to support his decision to change custody to the complainant's former husband, basing his decision instead on a Bible verse and on his perception of the moral standards of 90 percent of the Christians in the county.

The Judicial Qualifications Commission, based on its review of the evidence, found that respondent had, during the hearing in question, engaged in intemperate, discourteous and injudicious language, comments and conduct; that respondent had failed and refused to hear material evidence and/or witnesses and demonstrated a manifest

bias; and that respondent was not guilty of conveying the impression that certain persons, by reason of their residence or relationships, were in a special position to influence him. The Commission concluded that respondent's conduct constituted violations of the Code of Judicial Conduct, specifically Canons 2 and 3A (3). Noting that respondent had twice before been suspended for violations of the Code of Judicial Conduct (*In the Matter of: Inquiry Concerning a Judge No. 481*, 251 Ga. 524 (307 SE2d 505) (1983); *In the Matter of: Inquiry Concerning a Judge No. 1228*, 259 Ga. 146 (378 SE2d 115) (1989)), and having noted earlier in its findings that respondent was no longer an active judge, the Commission unanimously recommended that respondent be permanently barred from active judicial service as a Senior Judge.

Although respondent asserted to the Commission that it lacked jurisdiction and that the issues were moot because he was no longer actively serving as a judge, the only assertion made to this court in response to the Commission's recommendation was that a permanent ban on service as a Senior Judge would be unduly harsh. We disagree. Respondent's conduct in this matter, which occurred only a short time after his second suspension for similar behavior, when considered together with the other instances which have required disciplinary action against him, demonstrates a pattern of wilful misconduct which is prejudicial to the administration of justice and brings the judicial office into disrepute. Accordingly, we find the recommendation of the Judicial Qualifications Commission appropriate and adopt it.

It is therefore ordered that Judge Robert J. Noland be permanently barred from active judicial service as a Senior Judge.

*All the Justices concur.*

DECIDED SEPTEMBER 5, 1991.

*Hugh M. Dorsey, Jr.,* for Judicial Qualifications Commission.
*John L. Coney, Joel E. Dodson,* for Noland.