304 Ga. 165
FINAL COPY

S18Z1333. INQUIRY CONCERNING JUDGE EDDIE ANDERSON.

PER CURIAM.

This judicial discipline matter is before the Court on the agreement between the Director of the Judicial Qualifications Commission (JQC) and Eddie Anderson, the Chief Magistrate Judge for Tattnall County, to resolve the formal charges brought by the Director against Judge Anderson with a public reprimand, pursuant to Rule 23 of the JQC Rules.[1] The agreement was submitted to the JQC's Hearing Panel, which then filed it with this Court. As explained below, we accept the agreement and order that Judge Anderson be publicly reprimanded for his admitted violations of the Georgia Code of Judicial Conduct.

According to the formal charges, the allegations of which Judge Anderson admits are true, his acts of judicial misconduct arose from the repossession of

---

[1] This is the first matter of this type brought before the Court by the reconstituted JQC, see Ga. Const. of 1983, Art. VI, Sec. VII, Par. VI, as amended in 2016; OCGA § 15-1-21, under the revised JQC Rules that took effect on January 1, 2018.

a vehicle from a woman by the owner of an automobile dealership due to lack of payment to the dealership and lack of insurance on the vehicle. Count 1 of the formal charges alleges that Judge Anderson violated Rule 1.1 of the Code of Judicial Conduct, which requires judges to "respect and comply with the law," and Rule 1.2 (A), which requires judges to "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary." Judge Anderson violated these provisions by demanding via ex parte phone call that the owner either return the woman's repossessed vehicle or remit the money paid to the dealership for the vehicle and reimburse the woman for her insurance costs. When the owner refused these ex parte demands, Judge Anderson advised the woman to file a case against the owner in his court, which she later did. Judge Anderson undermined the public integrity and impartiality of the judiciary by advising the woman to file a case and by making ex parte demands before a case was even filed. Moreover, Judge Anderson's demands and the woman's subsequent lawsuit violated clearly established law. First, the woman was neither entitled to vehicle payments already made to the dealership nor entitled to insurance payments she already made under the terms of the vehicle contract. Second, the woman improperly

brought the action against the owner of the dealership with Judge Anderson's advice. The owner was a third party to the vehicle contract and improperly named in the suit. It was the dealership that sold the vehicle, was a party to the contract with the woman, and was the proper party to the suit. Accordingly, Judge Anderson failed to respect and comply with the law.

Count 2 of the formal charges alleges that Judge Anderson violated Rule 2.2, which requires judges to "dispose of all judicial matters fairly, promptly, and efficiently"; Rule 2.3, which requires judges to "perform judicial duties without bias or prejudice"; and Rule 2.8, which requires judges to "be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom they deal in their official capacity." Judge Anderson violated these provisions when, as part of the ex parte demands discussed above, he yelled at the owner for failing to comply and threatened the owner with an adverse judgment and court costs if litigation ensued. This conduct, in addition to the ex parte demands themselves, showed a temperament neither fit for nor expected of a judicial officer. Accordingly, Judge Anderson failed to dispose of his judicial matters fairly, to perform such duties without bias, or to act in a dignified and courteous manner.

Count 3 of the formal charges alleges that Judge Anderson violated Rule 2.9 (A), which says that "[j]udges shall not initiate, permit, or consider ex parte communications, or consider other communications made to them outside the presence of the parties, or their lawyers, concerning a pending proceeding or impending matter"; and Rule 2.9 (C), which says that "[j]udges shall not investigate facts in a pending proceeding or impending matter independently, and in making adjudicative decisions shall consider only the evidence presented and any facts that may properly be judicially noticed." Judge Anderson violated these provisions by communicating with the parties individually and engaging in an independent investigation of the facts by seeking proof of insurance and payments from the woman outside of the judicial process. Although Judge Anderson may have initiated such communication with good intentions, calling the parties individually and conducting a personal investigation into an impending matter were both improper. Accordingly, Judge Anderson initiated, permitted, and considered ex parte communications and impermissibly engaged in an independent investigation.

Finally, Count 4 of the formal charges alleges that Judge Anderson violated Rule 2.12, which says:

(A)   Judges shall require their staffs, court officials, and others subject to their direction and control to observe the standards of fidelity and diligence that apply to the judges . . . and to act in a manner consistent with the judge's obligation under this Code.

(B)   Judges with supervisory authority for judicial performance of other judges should take reasonable measures to assure the prompt disposition of matters before these judges, along with the proper performance of their other judicial responsibilities.

Count 4 further alleges that Judge Anderson violated these provisions by failing to supervise the associate magistrate judge he was responsible for in Tattnall County, who presided over the woman's case after it was filed; that this failure resulted in the associate magistrate judge issuing orders contrary to clearly established law for the same reasons set forth in Count 1; and that, accordingly, Judge Anderson failed to adequately supervise court officials subject to his direction and control.[2]

---

[2] It is not clear from the limited record how Judge Anderson supervised, directed, or controlled the associate magistrate judge with respect to the orders issued in the woman's case. As to Rule 2.12 (A), the associate magistrate judge was also a judge, not simply a court official, and trial judges are responsible for personally deciding the merits of the cases assigned to them. See Rule 2.9 (A) (3) ("Judges may consult with court staff and court officials whose functions are to aid in carrying out adjudicative responsibilities, or with other judges, provided the judge makes reasonable efforts to avoid receiving factual information that is not part of the record, and does not abrogate the responsibility personally to decide the matter."). As to Rule 2.12 (B), the duty to supervise other judges appears to pertain to such matters as ensuring that subordinate judges administer their workloads promptly, not supervision over the decisions such judges make in specific cases. See Rule 2.12 comment[2]. We need not delve deeper into these issues, however, because even without this count we would find that a public reprimand is an appropriate sanction in this matter.

After the owner filed a complaint with the JQC, the Investigative Panel authorized a full investigation, and Judge Anderson submitted written responses and also met with the Investigative Panel in person. Pursuant to JQC Rule 23, Judge Anderson and the Director then entered an agreement to resolve the formal charges with a public reprimand. In authorizing this resolution, the Investigative Panel considered in mitigation Judge Anderson's cooperation in responding to the allegations of misconduct; his candor during the meeting, admitting to his mistakes and pledging to adhere to all provisions of the Code of Judicial Conduct in the future; and the fact that his acts of misconduct were not undertaken in bad faith or with malice but rather with good intentions to resolve the underlying dispute.

The agreement was submitted to the Hearing Panel, which voted 2 to 1 to accept the agreement and file it with this Court for approval. Having reviewed the record, the Court now accepts the agreement and orders that Judge Eddie Anderson receive a public reprimand, which shall be imposed on him in person in open court by a judge designated by this Court. Upon the issuance of this opinion, all filings made in this Court in this matter shall be unsealed. See JQC Rule 23 (D).

Discipline by consent accepted.  Public reprimand.  All the Justices concur.

Decided June 29, 2018.

Judicial discipline.

Benjamin F. Easterlin IV, Robert C. McBurney, for appellant.

Eddie Anderson, pro se.