313 Ga. 148
FINAL COPY

S21Z1181. INQUIRY CONCERNING JUDGE CARY HAYS III.

PER CURIAM.

This judicial discipline matter is before the Court on an agreement between the Director of the Judicial Qualifications Commission ("JQC") and Cary Hays III, Chief Magistrate of Crawford County, to resolve the formal charges brought against Judge Hays arising from a physical altercation with a defendant who appeared before him. The agreement calls for Judge Hays to serve an unpaid, 30-day suspension to be followed by a public reprimand. Pursuant to JQC Rule 23, the agreement was submitted to the JQC's Hearing Panel, which voted 2-1 to accept it, and then filed it with this Court. Because the record and the limited relevant precedent we have found support the proposed discipline, we accept the agreement and order that Judge Hays be suspended for 30 days without pay and be publicly reprimanded for his violations of the Georgia Code of Judicial Conduct.

According to the formal charges, the allegations of which Judge Hays admits are true, Judge Hays engaged in a verbal and physical altercation with a defendant. The defendant had appeared before Judge Hays for a first appearance hearing held in the jail complex in December 2020. The defendant began cursing at Judge Hays in response to the judge's bond determination. The defendant continued to curse at Judge Hays while being led out of the hearing. Judge Hays verbally engaged with the defendant and then followed him into a hallway, at which time Judge Hays exchanged a few more words with the defendant before grabbing him and pushing him against the wall. The defendant was handcuffed and his feet shackled and was accompanied by a law enforcement officer. At no time did the defendant physically threaten Judge Hays or anyone else or attempt to flee. The defendant was not physically injured.

The JQC investigated the incident and charged Judge Hays with three violations of the Georgia Code of Judicial Conduct: Rule 1.1, which requires that judges "respect and comply with the law"; Rule 1.2 (A), which requires that judges "act at all times in a manner

that promotes public confidence in the independence, integrity, and impartiality of the judiciary"; and Rule 2.8 (B), which requires that judges be "patient, dignified, and courteous to litigants[.]"

As JQC Rule 23 allows, Judge Hays and the Director of the JQC entered into an agreement to resolve the formal charges with a 30-day unpaid suspension to be followed by a public reprimand, and they submitted the proposed resolution to the JQC Hearing Panel. By a 2-1 vote, the Hearing Panel recommends that we accept.[1]

In authorizing this resolution and submitting it to this Court for approval, the Hearing Panel considered past disciplinary cases in which public reprimands were sought and rightly concluded that a public reprimand alone was an insufficient sanction for Judge Hays's conduct. The Hearing Panel did not find an analogous disciplinary case in Georgia, and we also have not found one. The Hearing Panel points to a disciplinary case in Mississippi with more egregious facts. See *Miss. Comm. on Judicial Performance v. Guest*,

---

[1] The dissenting Hearing Board member did not articulate explicitly in his dissent what sanction, if any, he believes would be appropriate, but stated that the proposed agreement neither educates judges nor protects the public.

3

717 S2d 325 (Miss. 1998). There, a judge was fined and suspended for 90 days, without pay, for repeatedly hitting a defendant in a crowded courtroom and directing profanity at him; the judge's use of profanity in that case was particularly serious given that the judge had just found the defendant guilty of the offense of public profanity. See id. at 327 & n.2. Moreover, that case involved allegations of racially derogatory remarks by the judge both in and out of the courtroom, and the judge did not readily acknowledge the seriousness of his attack on the defendant; he argued that it was necessary to protect the court clerk, notwithstanding that the clerk he purported to protect had to pull him away from the handcuffed defendant. See id. at 327.

The proposed sanction is one of the most significant we have ever imposed, short of removal from office. And given the circumstances, it would have to be. We agree that the facts that Judge Hays admits constitute violations of each of the three rules charged. And the way he violated those rules is particularly serious. It is a grave violation for a judge to use violence against any person

4

appearing before him, except in self-defense or defense of others, which was not the situation here. The rule of law enables our society to resolve disputes without resort to force. When a judge uses force against someone appearing before him, that judge thus undermines the rule of law. It removes the judge from the role of neutral arbiter. Plainly, a mere reprimand is insufficient.

At the same time, we do not see the necessity for removal from judicial office.[2] The incident — grave as it was — was momentary, and no actual injury was inflicted. And, as noted by the Hearing Panel's majority, several mitigating circumstances exist. Judge Hays is a well-respected member of the community who has served his country honorably as a member of the military. He lacks a prior disciplinary history, and he has forthrightly accepted full

---

[2] Some of us might impose a longer suspension of 60 or 90 days if we had the discretion to do more than simply accept or reject this proposed discipline by consent. But Rule 23 limits our choices to accepting the discipline by consent and imposing a 30-day suspension or rejecting it and returning the case for further proceedings. See JQC Rule 23 (D). Rejecting the discipline by consent merely to impose a slightly longer suspension would substantially delay the resolution of this matter with little benefit. We also consider it appropriate to afford some amount of deference to the determination of the JQC's Investigative Panel — which would have to prosecute this case if it proceeded — that this resolution is sufficient.

responsibility for this isolated, but serious, incident.

Accordingly, the Court accepts the agreement and orders that Judge Hays be suspended without pay for 30 days and receive a public reprimand upon his return to the bench. The public reprimand shall be imposed on him in person in open court by a judge designated by this Court. Upon issuance of this opinion, all filings made in this Court in this matter shall be unsealed. See JQC Rule 23 (D).

*Discipline by consent accepted. Thirty-day suspension and public reprimand. All the Justices concur, except Colvin, J., disqualified.*

Decided February 1, 2022.

Judicial discipline.

*Charles P. Boring, Robert C. McBurney*, for Judicial Qualifications Commission.

Cary Hays III, *pro se.*

6