313 Ga. 359
FINAL COPY

S20Z1070.  INQUIRY CONCERNING JUDGE JADAWNYA
BAKER.

PER CURIAM.

This judicial discipline matter was submitted to this Court pursuant to Rule 23 of the Rules of the Judicial Qualifications Commission ("JQC"), seeking approval of the discipline by consent agreement between the Director of the JQC and JaDawnya Baker, Judge of the Municipal Court of Atlanta, to resolve the formal charges brought against Judge Baker with the issuance of a public reprimand. The agreement, entered into between the JQC Director and Judge Baker, was submitted to the JQC's Hearing Panel, which approved the agreement and filed it with this Court for approval. Because Judge Baker's admitted violations of periodically dismissing cases without the legal authority to do so justifies the recommended, and agreed-to, discipline of a public reprimand, we approve the agreement. We do so despite our reservations, explained

below, about whether, based on the substance of the allegations within the consent agreement, all of the agreed-to violations constitute violations of the Georgia Code of Judicial Conduct.

After a complaint against Judge Baker was filed with the JQC, the Investigative Panel authorized a full investigation, which included consideration of Judge Baker's written responses and a meeting in person with her before the panel. At the direction of the Investigative Panel, the Director then filed formal charges against Judge Baker, and she filed an answer. Following further investigation and evaluation of the evidence, as well as extensive discussions with counsel for Judge Baker, the Director amended the formal charges in anticipation of reaching an agreement with Judge Baker on discipline by consent.

Pursuant to JQC Rule 23, Judge Baker and the Director then entered into an agreement to resolve the formal charges with a public reprimand. In authorizing this resolution, the Investigative Panel considered in mitigation Judge Baker's lack of prior

2

disciplinary complaints; her relative inexperience on the bench;[1] her seeking out guidance of various mentors within the judiciary; her admission that she made mistakes and engaged in activities which she recognizes were inappropriate; her expressed willingness to learn from her mistakes and receive guidance regarding how to improve as a judge; and her history of public service and positive and active role in the legal community. The agreement was submitted to the Hearing Panel, which voted unanimously to accept the agreement and file it with this Court for approval. See JQC Rule 23 (A).

1.     Counts 1 through 12 of the formal charges allege that in her interactions with court security officers and her chambers staff, Judge Baker violated Rule 1.2 (A) of the Code of Judicial Conduct, which requires judges to "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary," and Rule 1.3, which says that "[j]udges shall not lend

---

[1] Judge Baker was appointed to the Municipal Court of Atlanta in 2015 and sworn in on March 23, 2015.

the prestige of their office to advance the private interests of the judge or others." As to Rule 1.2 (A), the discipline by consent agreement focuses on "integrity," which the Terminology section of the Code defines as "probity, fairness, honesty, uprightness, and soundness of character."

As for the facts underlying these charges, Judge Baker acknowledges in the discipline by consent agreement that in May 2015, she had a court security officer drive his personal vehicle to a store to pick up alcoholic beverages and deliver them to a private event celebrating Judge Baker's appointment to the bench; that around September 2016, she had a court security officer drive his personal vehicle from the courthouse to a store in Cobb County to pick up a chair and deliver it to the judge's personal residence in Atlanta; that the following month, she had a staff member assist her in returning the chair by driving to the judge's residence, where the judge loaded the chair into the staff member's vehicle, and then driving to the store while the judge followed in her own vehicle, which the staff member claimed caused her to get behind on her

4

daily work assignments;[2] and that on a Friday afternoon in June 2018, Judge Baker e-mailed two staff members and requested that one of them bring her robe, robe bag, and a stole from the courthouse to her personal residence for an event "unrelated to court business" that Sunday, and that a staff member delivered the items later that afternoon.

Judge Baker also acknowledges that from May 2015 through October 2019, she periodically asked staff members to contribute their own money to an office fund, to which Judge Baker also contributed, to purchase food and other items for communal use in chambers, to shop for the items, and, on one occasion, to return an item. Judge Baker further acknowledges that evidence exists with which the Director could properly prove that from July through November 2016, she had the staff member who helped her return the chair use the staff member's personal vehicle to drive Judge

---

[2] The agreement states that Judge Baker offered to pay the staff member for her assistance, but the staff member declined the offer.

Baker to attend private events and to run errands unrelated to court or city business.[3]

We are hesitant to conclude that Judge Baker violated Rule 1.2 (A) or 1.3 and to impose discipline based on these facts alone, for several reasons.[4] First, the discipline by consent agreement does not state that the occasional assistance with personal matters that court security officers and chambers staff provided to Judge Baker occurred during their work hours — something that was alleged in the formal charges, which are not incorporated by reference in the agreement. Notably, all the cases cited in the agreement in support of finding a violation involved personal tasks done for a judge during work hours. See, e.g., *Gentry v. Judicial Conduct Commission*, 612 SW3d 832, 849 (Ky. 2020); *In re Brennan*, 929 NW2d 290, 311 (Mich.

---

[3] The agreement notes that Judge Baker disputes this allegation, although she acknowledges that the Director could prove it. See JQC Rule 23 (A) ("At any time after the filing of formal charges and before final disposition, the respondent may agree with the Director in writing that a stated sanction should be imposed in exchange for the judge's admission of some or all of the formal charges or the judge's admission that evidence exists with which the Director could properly prove some or all of the formal charges. . . .").

[4] We note that the consent agreement does not indicate if any of the security officers or chambers staff at issue in the formal charges were complainants to the JQC.

2019). Second, the agreement does not say whether the officers and staff members voluntarily assisted Judge Baker or instead felt compelled to perform the tasks to maintain their jobs. Third, with one exception, the agreement does not suggest that the personal assistance provided to Judge Baker interfered with an employee's job duties. Fourth, the agreement cites no authority, and we have found none, to support the view that maintaining a small common office fund for food and similar items, to which chambers staff and the judge alike contribute, constitutes a violation of Rule 1.2 (A) or Rule 1.3. In any event, we need not address these issues further, because whether or not we consider these counts, we would conclude that a public reprimand is an appropriate sanction in this matter for the reasons stated below. See *Inquiry Concerning Judge Anderson*, 304 Ga. 165, 167 n.2 (816 SE2d 676) (2018).

2. Counts 13 through 15 allege that by "periodically and improperly" dismissing cases that were presented to her for guilty pleas, Judge Baker violated Rule 1.1, which requires judges to "respect and comply with the law"; Rule 1.2 (A); and Rule 2.5 (A),

7

which requires judges to "perform judicial and administrative duties competently, diligently, and without bias or prejudice." As for the facts underlying these charges, Judge Baker acknowledges that from time to time between May 2015 and February 2020, when cases were presented to her for guilty pleas and she was dissatisfied with the factual basis provided by the assistant city solicitor, instead of rejecting the plea, she would improperly dismiss the case. For example, at a plea hearing on February 19, 2020, an assistant city solicitor presented a negotiated guilty plea to Judge Baker. The defendant orally announced his plea of guilty to driving with an expired tag, and the assistant city solicitor recited a brief factual basis, including when and where the offense occurred and the make and model of the car for which the tag had previously been registered. Judge Baker asked when the tag expired, and the assistant city solicitor said that she did not know. At that point, without further discussion or comment, Judge Baker dismissed the case over the assistant city solicitor's objection.

Judge Baker acknowledges that her dissatisfaction with the factual basis for guilty pleas presented by the assistant city solicitor was not a legal basis for dismissing criminal charges, that she instead should have simply rejected the pleas, and that her failure to do so violated clearly established law. See *State v. Benton*, 305 Ga. App. 332, 336 (699 SE2d 767) (2010) (holding that trial court was authorized to reject guilty plea where prosecutor failed to identify factual basis for essential element of crime but that it was error to dismiss case on that ground). Moreover, Judge Baker acknowledges that her improper dismissal of cases presented to her for guilty pleas occurred "periodically" over the course of several years. See *In re Judicial Qualifications Commission Formal Advisory Opinion No. 239*, 300 Ga. 291, 298 (794 SE2d 631) (2016) (explaining that "legal error amounts to judicial misconduct where 'a legal ruling or action [is] made contrary to clear and determined law about which there is no confusion or question as to its interpretation and where this legal error was egregious, made in bad faith, or made as part of a pattern or practice of legal error'" (citation omitted)). Accordingly, Judge

9

Baker failed to respect and comply with the law, to act in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and to perform her judicial duties competently. See id. at 297-298 & n.16 (construing predecessor provision to Rule 1.1 in former version of Code and citing Rule 2.5 (A) of current Code); Rule 1.2 cmt. [1] ("Although judges should be independent, they shall comply with the law . . . .").

Finally, Count 16 alleges that Judge Baker violated Rule 1.2 (A) in her communications with the City Solicitor. As for the facts underlying this charge, Judge Baker acknowledges that she periodically contacted the Solicitor to provide both positive and negative feedback on the performance of prosecutors in her courtroom and on several occasions requested that he remove prosecutors from assignment to her courtroom. The discipline by consent agreement characterizes these communications as improper "meddling" with the personnel decisions of the Solicitor. But there is no indication that Judge Baker took, or threatened to take, any adverse action on cases unless the Solicitor took some specific action.

The agreement cites no authority, and we have found none, to support the view that the communications as alleged violate Rule 1.2 (A). In the absence of additional information, we are unable to conclude that Judge Baker violated the requirement that she act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary in this regard.[5] But we do not see the failure to establish this count as affecting our determination of the appropriate discipline in this case.

Having reviewed the record, the Court now accepts the discipline by consent agreement and orders that Judge JaDawnya Baker receive a public reprimand for her periodic improper dismissal of cases presented to her for guilty pleas. The reprimand shall be imposed on her in person in open court by a judge designated by this Court. Upon the issuance of this opinion, all filings made in this Court in this matter shall be unsealed. See JQC

---

[5] To the extent that the Director was concerned about the tone of Judge Baker's comments to the Solicitor, we note that Judge Baker was not charged with a violation of Rule 2.8 (B), which requires judges to "be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom they deal in their official capacity."

11

Rule 23 (D). Any motion for reconsideration must be filed within ten days of the date of this opinion.

*Discipline by consent accepted. Public reprimand. All the Justices concur, except Colvin, J., disqualified.*

Decided March 8, 2022.

Public reprimand.

*Charles P. Boring*, for Judicial Qualifications Commission.

*Johnson & Freeman, Ronald J. Freeman, Sr., Janise L. Miller; Robbins Ross Alloy Belinfante Littlefield, Richard L. Robbins, Joshua B. Belinfante*, for Baker.